**Thomas Dee SWYERS, Respondent,**

v.

**Wanda Faye SWYERS, Appellant.**

**No. ED 77418.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 26, 2000.

Daniel E. Leslie, Joseph Aubuchon, Union, MO, for appellant.

Frederick H. Schwetye, Union, MO, for respondent.

GARY M. GAERTNER, Presiding Judge.

Appellant, Wanda Faye Swyers, ("appellant"), appeals from the judgment of the Circuit Court of Gasconade County granting a motion to quash appellant's application for execution/garnishment in the amount of $8,700.00, in favor of respondent, Thomas Dee Swyers, ("respondent"). We affirm.

On January 25, 1999, the trial court entered its judgment and decree dissolving the marriage between appellant and respondent. In the section of the judgment of the trial court entitled "Division of Marital Property," the trial court entered in appellant's property section, "Town and Country Bank, Bourbon: CD—previously divided funds" in the amount $8,700.00. On June 3, 1999, appellant filed an "Execution/Garnishment Application and Order" to collect the $8,700.00 Certificate of Deposit ("CD"). On July 6, 1999, respondent filed a motion to quash the execution, claiming that the CD had already been given to appellant. Respondent claimed that the funds in the Town and Country Bank of Bourbon are described as "previously divided funds" and as such, were apportioned to appellant as a credit of marital property awarded.

On January 14th, 2000, the trial court granted respondent's motion to quash the execution/garnishment. The trial court stated that after reviewing the decree, it found the $8,700.00 CD was clearly an accounting entry on the decree showing this item was property previously divided and received. The item is not an item that is to be further divided or delivered or to be received by either party. Therefore, there is no basis for execution. Appellant appeals.

In her sole point on appeal, appellant argues the trial court erred in granting respondent's motion to quash execution/garnishment. She argues the decree of dissolution was a final order pursuant to section 452.330.5 RSMo 1994;[1] therefore, the order is non-modifiable and the court is without jurisdiction. We disagree.

The judgment of the trial court will be upheld unless there is no substantial evidence to support it or it is against the weight of the evidence. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.banc 1976). Appellate courts "defer to the trial court's determination of credibility and view the evidence and permissible inferences in the light most favorable to the decree." *Mund v. Mund*, 7 S.W.3d 401, 403 (Mo. banc 1999).

---

1. All statutory citations are to RSMo 1994, unless otherwise indicated.

In the case at bar, we find the record supports the judgment of the trial court. The decree of dissolution states the CD was previously divided funds. This was an accounting entry to show the funds had already been divided and received. Therefore, appellant has no basis to execute on the CD.

Furthermore, the trial court's judgment does not implicate section 452.330.5. Section 452.330.5 provides:

> The court's order as it affects distribution of marital property shall be a final order not subject to modification; provided, however, that orders intended to be qualified domestic relations orders affecting pension, profit sharing and stock bonus plans pursuant to the U.S. Internal Revenue Code shall be modifiable only for the purpose of establishing or maintaining the order as a qualified domestic relations order or to revise or conform its terms so as to effectuate the expressed intent of order.

The trial court's judgment granting the motion to quash did not modify the decree of dissolution. The decree of dissolution had already divided the property. The trial court simply confirmed what was contained in the decree of dissolution. Thus, the trial court's judgment is not a modification of the decree of dissolution. Therefore, section 452.330 is not applicable.

Based on the foregoing, we affirm the judgment of the trial court.

CRAHAN, and DRAPER JJ., concur.