Laura A. BOND, Respondent,

v.

Ray Dale BOND, Appellant.

No. ED 79208.

Missouri Court of Appeals,
Eastern District,
Division Two.

May 21, 2002.

Mary Ann Weems, Clayton, MO, for Respondent.

David L. Baylard, Christopher W. Jensen, Union, MO, for Appellant.

GEORGE W. DRAPER III, Judge.

Ray Bond (hereinafter, "Husband") appeals the trial court's judgment and decree of dissolution from Laura Bond (hereinafter, "Wife"). Husband challenges the judgment in three respects. First, Husband claims the trial court erred in its award of maintenance to Wife. Second, Husband challenges the court's award of child support because the trial court did not impute income to Wife. Finally, Husband claims the trial court erred in finding certain monies received by Wife during the marriage were marital debts as opposed to advances on her inheritance. We affirm in part, reverse and remand in part.

Husband and Wife married on March 12, 1988. Two children were born to the marriage, a daughter and a son. The son has had to be hospitalized for behavioral problems, and he has been diagnosed with attention deficit hyperactive disorder, bipolar personality, and oppositional defiant behavior. The custody issues involving the children were resolved by stipulation of the parties before trial.

Wife is employed part-time at $7.50 per hour and works an average of twenty hours per week. Wife had earned previously $10 per hour working full-time for 10 years in the 1980s and 1990s. Wife has not been employed full-time, however, since the couple's daughter was born in 1993. Wife was offered employment in November 1999 at a rate of $10 per hour, but she was prohibited from taking that offer due to son's hospitalization. Wife has a high school diploma and is taking steps to further her education through computer training.

Husband is employed as a union electrician where he earned in excess of $60,000 per year in 1998 and 1999. Husband's company was bought out, and he was offered a position with the new employer. Husband testified that his income decreased to approximately $50,000 per year, and he offered into evidence his paycheck stub from his new employer which indicated a monthly gross income of $3,920. Husband had opportunities to work overtime with his previous employer although the record does not reveal how much of his income was attributable to overtime. Husband was not permitted to speculate as to how much overtime he would receive in the future.

The couple lived beyond their means and incurred substantial marital debt which included large sums of money borrowed from Wife's family. These monies have been described as "loans" by Wife and "advances on her inheritance" by Husband. Husband claimed he was unaware of a majority of these monies and that Wife used them for unknown and nonmarital purposes. Wife claims these monies were loans that they, as a couple, were obligated to repay and that the proceeds were used for marital purposes.

The couple separated in May 1999 after several instances of "exhibiting appalling behavior" toward each other. The trial court awarded Wife $750 per month main-

tenance and $832 per month child support based upon its own Form 14 calculation.[1] Further, the trial court determined that Husband was responsible for a portion of the "loans" from Wife's family because he did not rebut the presumption that the monies were marital debts. Husband appeals.

A dissolution decree must be affirmed if it is supported by substantial evidence, it is not against the weight of the evidence, and it neither erroneously declares nor applies the law. *Sanders v. Sanders*, 933 S.W.2d 898, 899 (Mo.App. E.D.1996). We must accept as true all evidence and permissible inferences in the light most favorable to the decree and disregard all contrary evidence and inferences. *Swyers v. Swyers*, 34 S.W.3d 848, 849 (Mo.App. E.D.2000). Where there is a conflict in the testimony, we defer to the trial court's determination of the credibility of the witnesses. *Mund v. Mund*, 7 S.W.3d 401, 403 (Mo. banc 1999).

Husband's first point on appeal challenges the trial court's award of maintenance in the amount of $750 per month to Wife in that the award failed to meet the requirements of Section 452.335 RSMo (2000). Husband claims there was substantial evidence to support a finding that Wife was able to support herself through full-time employment, there were no special conditions which make it inappropriate for her to work full-time, and Wife had full-time employment previously during the marriage. Husband also claims that such a high maintenance award results in Husband being unable to meet his reasonable needs.

Maintenance awards are reviewed only for abuse of discretion. *Rios v. Rios*, 935 S.W.2d 49, 52 (Mo.App. E.D. 1996). To establish that the trial court abused its discretion in making a spousal maintenance award, the complaining party must show that the award is clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration. *Goodin v. Goodin*, 5 S.W.3d 213, 216 (Mo.App. S.D.1999). If reasonable people can differ about the propriety of the action taken by the trial court, it cannot be said the trial court abused its discretion. *Id.*

Wife is employed part-time and works an average of twenty hours per week. However, Wife testified that she hoped the position would become full-time and that there was an opportunity to work additional hours. Also, Wife has not been employed full-time since 1993. Wife has a high school diploma and is taking steps to further her education through computer training.[2] Moreover, even though Wife was offered employment at a rate of $10 per hour, the trial court found there was credible evidence that she was prohibited from taking that offer due to her son's hospitalization and his needs. Therefore, the trial court did not abuse its discretion in the award of maintenance because there was substantial evidence in the record to support the award. Point denied.

Husband's second point on appeal claims the trial court erred in its award of child support for three reasons. First, Husband

---

1. Form 14 is the calculation worksheet developed by the Supreme Court to determine the presumed child support amount in dissolution cases. Supreme Court Rules, Civil Forms (2001).

2. The failure of a supported spouse to seek employment and achieve financial independence within a reasonable time can form the basis for modification of a maintenance award. *McDaniel v. McDaniel*, 982 S.W.2d 729, 733 (Mo.App. E.D.1998).

argues the trial court abused its discretion in failing to impute income to Wife because Wife was underemployed purposefully. Second, Husband argues the court imputed excessive income to him because his monthly income was no more than $5,000 per month. Finally, Husband claims the trial court failed to provide Husband with the proper custody adjustment when the parenting plan awarded him more than seventy-two overnight visitations periods with the children.

 Upon reviewing a child support award, this Court will not substitute its judgment for that of the trial court absent a manifest abuse of discretion, and we will not disturb the award unless the evidence is palpably insufficient to support it. *Brooks v. Brooks,* 21 S.W.3d 834, 835 (Mo. App. E.D.1999). In a dissolution proceeding involving child support determinations, if the trial court rejects either party's proffered Form 14, it must either complete its own Form 14 to find the presumptively correct child support and make it a part of the record or do so by articulating on the record how it calculated its form amount. *Anderson v. Anderson,* 4 S.W.3d 639, 640 (Mo.App. E.D.1999). Rejection of the presumed child support amount calculation occurs when the trial court finds that an item is included incorrectly in the calculation, that the amount of an item included in the calculation is incorrect, or that the mathematical calculation is incorrect. *Peery v. Peery,* 933 S.W.2d 912, 915 (Mo.App. W.D. 1996). Moreover, the trial court has discretion to ignore income history in calculating child support obligation and instead look at a single year's income figure, if the court finds that figure to be the most accurate predictor of a parent's income. *Samples v. Kouts,* 954 S.W.2d 593, 598 (Mo.App. W.D.1997). Finally, in determining whether the trial court correctly calculated the presumed correct child support

amount, this Court reviews the calculation to ensure that not only is it done accurately from a mathematical standpoint, but that the various items and their amounts were properly included in the calculation and supported by substantial evidence. *Nelson v. Nelson,* 25 S.W.3d 511, 521 (Mo. App. W.D.2000).

As stated earlier, we find there was substantial evidence to support the award of maintenance, and therefore, the trial court did not abuse its discretion in determining her reasonable needs. However, we agree with Husband's contention that the trial court's determination of Husband's monthly gross income was not supported by substantial evidence in the record.

 The trial court stated in the dissolution decree that Husband's monthly gross income was in excess of $5,000, excluding overtime. The court also rejected each party's Form 14 and prepared its own Form 14. On the trial court's Form 14, it determined Husband's monthly gross income to be $5,705, which multiplied out would result in $68,460 annual gross income. Alternatively, Wife's Form 14 stated Husband's monthly gross income at $5,057, which is approximately $60,684 per year; Husband listed his monthly gross income at $4,250, which is approximately $51,000 annually.

Wife's testimony revealed that Husband earned in excess of $60,000 per year in 1998 and 1999. Wife also recited in her testimony the figures she used in her Form 14 which are discussed *supra.* Wife was unable to articulate how much overtime was available to her Husband and how much it increased his salary.

Husband testified that when his company was bought out, he was offered a position with the new employer and that his income decreased to approximately $50,000 per year under his new employer. Hus-

band offered into evidence his paycheck stub from his new employer which indicated a monthly gross income of $3,920, which is approximately $47,040 annually. Husband had opportunities to work overtime with his previous employer although the record does not reveal how much of his income was attributable to overtime. Further, Husband was not permitted to speculate as to how much overtime he would receive in the future.

Even taking into account the higher income figure computed by the Wife, there is almost an $8,000 differential between her assessment and the trial court's findings. Hence, we are unable to find substantial evidence in the record to support the trial court's finding, and we must reverse the portion of the dissolution decree awarding Wife $832 per month child support and remand the case to the trial court for findings consistent with this opinion.

Finally, Husband's third point on appeal claims the trial court erred in ordering Husband to pay Wife's brother $9,000 which Husband claims was not marital debt, but rather, were advances on Wife's inheritance, and therefore, separate property. Husband claims the evidence supports a finding that the monies received were not loans and that he had no knowledge of the monies, and did not receive any benefit from the monies.

Despite acknowledging that "the monies coming from [W]ife's family are not easily classifiable," the trial court stated that Husband's testimony on this issue was not credible. Where there is a conflict in the testimony, we defer to the trial court's determination of the credibility of the witnesses. *Mund*, 7 S.W.3d at 403. Further, the trial court stated Husband did not rebut the presumption that the monies were marital debt. We defer to the trial court assessment of Husband's credibility and find that there was substantial evidence to support the trial court's apportionment of these monies or debts.

This case is reversed and remanded to the trial court with instructions to make a new finding as to Husband's monthly gross income, and to adjust the child support award accordingly. The trial court is permitted to adjust the award of maintenance, if the trial court deems it just and appropriate. *See Theilen v. Theilen*, 847 S.W.2d 116, 125 (Mo.App. W.D.1992). In all other respects, the judgment is affirmed.

MARY R. RUSSELL, J., and MARY K. HOFF, J., concur.