Maryann **LAGERMANN**,
Appellant/Cross Respondent,

v.

Mark J. **LAGERMANN**,
Respondent/Cross Appellant.

No. ED 81357.

Missouri Court of Appeals,
Eastern District,
Division Two.

June 30, 2003.

Frances M. Weir, St. Charles, MO, for Appellant/Cross-Respondent.

Lawrence G. Gillespie, Gillespie, Hetlage & Coughlin, L.L.C., Clayton, MO, for Respondent/Cross-Appellant.

GARY M. GAERTNER, Judge.

Appellant, Maryann Lagermann ("wife") appeals from the decree of dissolution of her marriage to respondent, Mark Lagermann ("husband") entered in the Circuit Court of the City of St. Louis. Husband filed a cross-appeal in this matter. We affirm in part and reverse and remand in part.[1]

Husband and wife were married on August 14, 1971. Nine children were born from the marriage, including three unemancipated children at the time of the dissolution. The parties separated on or about August 28, 1999, when husband moved out of the family home. The trial court issued its dissolution decree on March 14, 2002, and amended the decree by issuing a Revised Form 14 on May 21, 2002.

Wife was unemployed at the time of the dissolution, and she had not worked for several years. Wife suffered from several physical ailments, but she testified that she would get a job if she found available employment.

Husband worked as a police officer for the City of St. Louis for twenty-six years, earning approximately $41,000 per year, but he voluntarily terminated his employment in June of 2000. Following his retirement as a police officer, husband received a lump sum retirement benefit of approximately $48,725 in August of 2000. In addition to the lump sum benefit, husband received approximately $1,927 in monthly retirement benefits. Husband then moved to Poplar Bluff, Missouri with Shelly Wilson, a former co-worker, whom he began a romantic relationship with after he separated from wife. Husband was unemployed while in Poplar Bluff. Shortly before trial, husband obtained employment as a dispatcher with the St. Louis City Police Department, earning approximately $23,000 per year. Husband testified that he was moving back to St. Louis to start his new job.

Prior to the separation, husband, wife and the children lived in a two-family home in St. Louis. Husband and wife

---

1. Husband's motion to dismiss the appeal that was taken with the case is hereby denied.

owned the second floor and husband's mother ("Mrs. Lagermann") owned the first floor. On May 13, 2001 there was a fire that caused extensive damage to the home. The home was insured, and the insurance company paid approximately $44,000 for contents of the home destroyed in the fire, and approximately $68,000 for the structural damage. The parties agreed that husband and wife would together receive one-half of the insurance payment ($56,000) and that Mrs. Lagermann would receive the other one-half of the payment. Husband testified that he did not think the insurance payment would cover the entire cost of reconstruction of the home, and that the shortfall would be approximately $10,000.

The three unemancipated children attended St. Mary Magdalene Catholic School in St. Louis. The trial court determined it was in the best interests of the children to remain at the private school, and ordered husband to pay all tuition, fees, registration, books and uniform costs for the children to attend.

Wife was awarded sole legal custody and primary physical custody of the three unemancipated children. Husband was awarded reasonable temporary physical custody and visitation. The trial court issued its own Form 14, after rejecting the proposed Form 14 of each party. On its Form 14, the trial court imputed wife's income of $1,000 per month, and listed husband's monthly income at $2,880. Pursuant to the trial court's calculations, husband was ordered to pay $759 per month in child support. Husband was also ordered to pay the children's health insurance, at a cost of $72.00 per month.

The trial court determined there was no separate property to be distributed to husband or wife, and ordered both parties to pay their own attorney's fees. The trial court did not find any marital misconduct by either party that affected its decision, however, it did find that both parties had depleted assets, but that the actions of each party offset and balanced out the actions of the other party. The trial court ordered husband to pay wife $200 per month in modifiable maintenance.

Wife appeals. Husband filed a cross-appeal. Any further relevant facts will be discussed below in relation to the specific points on appeal.

We will affirm the judgment of the trial court unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron* 536 S.W.2d 30, 32 (Mo.banc 1976). The evidence and the reasonable inferences therefrom are viewed in the light most favorable to the judgment. *Nichols v. Nichols,* 14 S.W.3d 630, 634 (Mo.App. E.D.2000). In reviewing a division of marital property, we give deference to the trial court, which is vested with wide discretion in dividing marital property. *Baker v. Baker,* 804 S.W.2d 763, 764 (Mo.App. E.D. 1990). We will interfere with the division of property only if the division is so heavily and unduly weighted in favor of one spouse as to amount to an abuse of discretion. *Id.*

In her first point on appeal, wife argues the trial court erred in dividing the marital property because 1) the trial court did not properly consider husband's marital misconduct, 2) the trial court failed to consider all of the marital assets and 3) wife was entitled to a percentage of husband's retirement benefits.

The factors the trial court may take into consideration when dividing marital property are set forth in section 452.330.1,

RSMo 2000.[2] One of the factors the trial court may consider is "[t]he conduct of the parties during the marriage." Section 452.330.1(4); *Schwartzkopf v. Schwartzkopf*, 9 S.W.3d 17, 22 (Mo.App. E.D.1999).

■ Wife argues the trial court did not properly consider husband's marital misconduct in its division of marital property. The trial court specifically stated "[w]hile the [trial court] questions the judgment of each party, the [trial court] does not find any marital misconduct by either party which impacts the decision in this case." The trial court also found that marital assets were depleted, but the action of each party offset the other and balanced each other out. The trial court clearly considered the evidence of marital misconduct. We find the trial court did not err in finding no marital misconduct that impacted the judgment.

■ Wife next argues the trial court failed to consider all of the marital assets in its division of marital property. Specifically, wife argues the 1993 Dodge Caravan was actually wife's separate property and the trial court did not consider certain items husband purchased after the separation. Wife argues the 1993 Dodge Caravan was her separate property because husband had gifted it to her. However, wife listed the 1993 Dodge Caravan as marital property on her First Amended Financial Statement. Therefore, even if the trial court did err in treating the vehicle as marital property, it was "invited error." *See Kettler v. Kettler*, 884 S.W.2d 729, 732 (Mo.App. E.D.1994) (holding that an appellant is not permitted to rely on invited error on appeal).

Wife further argues the trial court did not consider an all-terrain vehicle and a computer husband purchased after the separation. However, the evidence showed that husband purchased these items with proceeds of the lump sum retirement benefit he received when he voluntarily terminated his job as a St. Louis City police officer. The trial court awarded husband the lump sum retirement benefit and all personal property in his possession. The evidence does not show that the trial court failed to consider these items.

■ Wife's final argument in her first point on appeal is the trial court erred in its distribution of property because wife was entitled to a percentage of husband's monthly retirement benefits. There is no dispute that retirement benefits are martial property subject to division. *Baker*, 804 S.W.2d at 765. In many cases the retirement benefits are the most valuable asset belonging to the couple. *Id.* Further, it is well-settled law that the division of martial assets must be just and equitable. *Nichols*, 14 S.W.3d at 635.

For her share of the marital property, wife was awarded the marital home, the 1993 Dodge Caravan, all insurance money for replacement of the home and its contents damaged in the fire, a Board of Education pension, one-half of the photographs of the children, and all personal property in her possession. The trial court did not value the marital home, but husband testified the value was $88,000 and wife testified the value was $68,000. Husband also testified there was an outstanding mortgage of approximately $33,000, and that the insurance payment would not cover the entire cost of the reconstruction of the home. Husband stated that he thought the shortfall of necessary funds for the reconstruction would be approximately $10,000. On her First Amended Financial Statement, wife listed the total present value of the Board of Education pension at $4,100.

**2.** All statutory references are to RSMo 2000 unless otherwise noted.

For his share of the marital property, husband was awarded the 1998 Chevrolet Silverado, the lump sum and monthly retirement benefit from the St. Louis Police Department, hand and power tools, a Franklin mint collection, all firearms, the camera, one-half of the photographs of the children, and all personal property in his possession. The lump sum retirement benefit was $48,725, and the monthly retirement benefit provides husband approximately $1,927 a month.

In light of the circumstances of this case, we find the property division was not just and equitable. The trial court's division of marital property was so heavily and unduly weighted in favor of husband as to amount to an abuse of discretion. The trial court did not state that it intended such an unequal division of marital property. Husband's monthly retirement benefit was in fact one of the most valuable assets belonging to the couple. The award of the marital home to wife, coupled with the insurance money received for the fire, offset the award to husband of the lump sum retirement benefit. The other property awarded to wife is offset by the other property awarded to husband, with the exception of the monthly retirement benefit. We determine wife should have been awarded a percentage of husband's monthly retirement benefit. On remand, the trial court shall determine the proper distribution method to be used to facilitate this division. Point denied in part, and reversed and remanded in part.

In her second point on appeal, wife argues the trial court erred in calculating husband's income for child support purposes. When reviewing a child support award, we will not substitute our judgment for that of the trial court absent a manifest abuse of discretion. *Bond v. Bond*, 77 S.W.3d 7,11 (Mo.App. E.D.2002). We will only disturb a child support award if the

evidence is palpably insufficient to support it. *Id.*

The trial court found that husband had monthly income of $2,880. Wife argues the trial court did not properly consider that husband voluntarily terminated his job as a police officer or that husband was re-employed at the time of the trial. We disagree. The trial court's finding that husband earned $2,880 a month was supported by the evidence. Point denied.

In her third point on appeal, wife argues the trial court erred in not awarding her attorney's fees. The trial court stated "[t]here is no good reason under the circumstances of this case to award attorney's fees to either side, therefore, each side will pay their own fees." A trial court may order one party to pay the other party's attorney's fees in a dissolution case. Section 452.355.1; *Schwartzkopf*, 9 S.W.3d at 24. There must be "a showing of unusual circumstances justifying deviation from the normal rule that each party should bear his or her own litigation costs in a dissolution action." *Id.* We will only reverse a trial court's decision on attorney's fees if the trial court abused its discretion, and the decision was so arbitrary and unreasonable as to shock one's sense of justice and to show a lack of deliberation. *Id.* Wife made no such showing in this case. The trial court did not err in not awarding attorney's fees. Point denied.

In the only point on his cross-appeal, husband argues the trial court erred in its child support calculations because it did not give him the proper credits on line 10 of the trial court's Form 14. Husband argues the trial court did not give him the proper credits for two items he was ordered to pay: 1) the children's educational costs, and 2) the health insurance costs. Husband does not challenge

the trial court's judgment ordering husband to pay either the children's educational costs or the health insurance costs.

To determine whether the trial court correctly calculated the presumed child support amount on its Form 14, we review to ensure the calculation was done accurately from a mathematical standpoint and that the various items and their amounts were included in the calculation and supported by substantial evidence. *Bond,* 77 S.W.3d at 11. Line 6(e) of Form 14 allows for the entry of "[o]ther extraordinary child-rearing costs." Comment A for Line 6(e) states, in part:

> A. COMMENT: Post-secondary educational expenses and private or parochial elementary, middle and high school expenses are not included in the schedule of basic child support obligations. These expenses may be included in Form No. 14 as an 'other extraordinary child-rearing cost' if the parents agree or the court orders that the parents contribute to payment of these expenses.
>
> 'Other extraordinary child-rearing costs' may include, but are not limited to, the cost of tutoring sessions, special or private elementary and secondary schooling to meet the particular educational needs of a child.... MO. R.Civ.P. Form 14, line 6(e), comment A.

Husband was ordered to pay "all tuition, fees, registration costs, books and uniforms for the minor children in connection with their attendance of St. Mary Magdalene School." On her "First Amended Statement of Income & Expenses" wife listed $70.00 per month for "School/ Books," but the trial court did not make a finding as to the children's actual monthly educational costs. The trial court did not include the children's educational costs on line 6(e) as "[o]ther extraordinary child rearing costs." We find the trial court erred and abused its discretion in failing to include the costs of the children's education on line 6(e) on its Form 14, and subsequently failed to give husband the proper credit for these costs on line 10.

Husband was also ordered to provide health insurance for the children. The trial court correctly listed $72.00 on line 6(d) of its Form 14 for the health insurance costs and carried that number down to line 7. The amount on line 7 is then supposed to be carried down to line 10, and applied as a credit for the additional child rearing costs for the party obligated to pay. The trial court failed to do this. The trial court erred and abused its discretion in failing to credit husband on line 10 for the health insurance costs he was ordered to pay.

On remand, the trial court shall determine the monthly educational costs and issue a new Form 14 with the children's educational costs and health insurance costs properly credited to husband on line 10. Point granted.

Based on the foregoing, we affirm in part and reverse and remand in part.

PAUL J. SIMON, P.J. and KATHIANNE KNAUP CRANE, J., concur.