Paul STUCKMEYER, Petitioner/Appellant,

v.

Susan Marie STUCKMEYER, Respondent/Respondent.

No. ED 81923.

Missouri Court of Appeals, Eastern District, Division Two.

Sept. 23, 2003.

Cordell & Cordell, P.C., Michele Hammon, Scott C. Trout, St. Louis, MO, for appellant.

MARY K. HOFF, Judge.

Paul Stuckmeyer (Father) appeals from the trial court's judgment and decree of dissolution of marriage (judgment) dissolving his marriage to Susan Stuckmeyer (Mother). We affirm in part and reverse and remand in part with instructions.

Father and Mother were married on June 17, 1989. Two children were born of the marriage, a daughter in 1990, and a son in 1996. The parties lived as husband and wife until they separated on January 19, 2002. Both parties were represented by counsel and presented evidence in a bench trial conducted on June 13, 2002. In its July 9, 2002 judgment, the trial court granted Father's petition and Mother's cross-petition for dissolution of marriage, distributed the parties' marital property and debts, awarded the parties joint legal and physical custody of their two minor children, and awarded Father child support in the amount of $313.00 per month. Father appeals.

Other elements of the trial court's award will be discussed in greater detail as they apply to Father's points on review.[1]

■ The standard for our review of a decree of dissolution of marriage is the same for reviewing any court-tried action; a decree must be affirmed if it is supported by substantial evidence, it is not against the weight of the evidence, and it does not erroneously declare or apply the law. *Shelton v. Shelton*, 29 S.W.3d 400,

---

1. We do not have the benefit of a response filed by Mother, and thus we are limited to the record before us on appeal.

402 (Mo.App. E.D.2000); *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). This Court must accept as true all evidence and permissible inferences in the light most favorable to the decree and disregard all evidence and inferences to the contrary. *Swyers v. Swyers*, 34 S.W.3d 848, 849 (Mo.App. E.D.2000). Where there is conflicting testimony, we defer to the trial court's determination of the credibility of the witnesses. *Mund v. Mund*, 7 S.W.3d 401, 403 (Mo. banc 1999).

## I. Calculating Presumed Child Support

■ In his first two points, Father argues the trial court erred in its calculation of the presumed child support amount. In his first point, Father claims the trial court erred because the court improperly relied on Comment C to Line 12 of Form 14, which applies to split custody arrangements, while the parties' custody arrangement is joint custody. Father further asserts error in the court's calculation of presumed child support because the method of calculation used by the trial court did not take into account the time the children would live with each parent, and which parent would incur the bulk of the children's expenses based on the custody arrangement, pursuant to Section 452.340 RSMo 2000.[2]

■ We will not disturb an award of child support absent a manifest abuse of the trial court's discretion. *Bond v. Bond*, 77 S.W.3d 7, 11 (Mo.App. E.D.2002). A trial court will have abused its discretion if the evidence is palpably insufficient to support the award. *Id.* In determining whether the trial court correctly calculated the presumed child support amount, this Court reviews the calculation to ensure not only that it is done accurately from a mathematical standpoint, but also that the

various items and their amounts were properly included in the calculation and supported by substantial evidence. *Id.*

In its judgment, the trial court rejected the parenting plans submitted by the parties and awarded both parties joint legal and physical custody of their two children in accordance with the court's parenting plan. The parenting plan provides that Mother shall have custody of the children every school weekday from 8:00 a.m. to 4:30 p.m., as well as every other weekend from 4:30 p.m. on Friday until 6:00 p.m. on Sunday. Additionally, Mother shall have custody of the children for one half of the children's summer vacations, one half of the holidays and "special days", and on Mother's birthday and Mother's Day. The children shall be in the custody of Father the remainder of the time. Despite the significant number of overnight visitations awarded to Mother, the trial court did not give Mother an adjustment on Line 11 of Form 14. Rather, the court computed two separate Form 14's and awarded the difference between the presumed child support on the two forms to Father.

The two Form 14's prepared by the court differ from each other in that the first form has Mother listed as the parent receiving child support, while the second form lists Father as the parent receiving child support.

In both forms, the court calculated the total combined child support costs to be $1,611.00, after determining the basic support amount to be $1,437.00 based on the parties' incomes, and adding $224.00 for Father's work-related child care expenses. Also in both forms the court determined that, based on the parties' proportionate shares of their combined income, Father is obligated to contribute $674.00 towards the support of the children, and Mother is

---

**2.** All further statutory references are to RSMo 2000 unless otherwise indicated.

obligated to contribute $987.00 towards the support of the children. Subtracting Father's obligation of $674.00 from Mother's obligation of $987.00, the court awarded Father child support in the amount of $313.00 per month to be paid by Mother. In awarding this amount to Father, the trial court explained "[t]he presumed child support amount is calculated according to Comment C of Line 12 of Form 14 due to the parties sharing joint physical custody of the children and the fact that [Mother] earns more income than [Father]."

Comment C to Line 12 of Form 14 provides that the method of computation used by the trial court is only proper in cases where the custody arrangement is split custody. Comment C defines split custody as "the situation in which each parent has primary physical custody of one or more but not all of the children." This is not the case here. In the case before us, the parties have been awarded joint legal and physical custody of both children. Accordingly, the court's reliance on Comment C to Line 12 is error.

Point one is granted.

In granting this point and remanding it for reconsideration by the trial court, we remind the court that Form 14 provides a method for crediting the parent paying child support for the time that parent has custody of the children. Line 11 of Form 14 provides an adjustment for a portion of the amount expended by the parent obligated to pay support during periods of overnight visitation or custody. Although in the Form 14 he submitted to the trial court, Father suggested Mother is entitled to a six percent (6%) adjustment, Father now concedes on appeal that Mother "would be entitled to at most a nine percent (9%) adjustment." Thus, upon remand, the trial court should determine the proper adjustment to which Mother is entitled in accordance with Form 14, and

based on a consideration of the factors set forth in Section 452.340.

■ In his second point, Father alleges the trial court erred in its calculation of presumed child support because there was no evidence to support the court's determination of Mother's monthly income. Father asserts the monthly gross income of $5,066.00 arrived at by the court was erroneous because neither party testified Mother made that amount, and the amount did not include Mother's bonus income.

In her Statement of Income and Expenses, Mother indicated that her gross wages, salary and commissions each monthly pay period totaled $4,750.00. She reported she additionally received $22.23 in monthly dividends from UPS stock. As well, she indicated she received a yearly bonus of $1,397.00 (averaging $116.43 monthly). The sum of these reported monthly figures is $4,888.66.

During trial, Mother testified that her gross monthly income was around $4,950.00 or $4,975.00. With the addition of her dividend and bonus income as reported in her Statement of Income and Expenses, her monthly income in accordance with this testimony would total $5,088.66 or $5,113.66.

Given the testimony and evidence offered by Mother, we cannot say the trial court manifestly abused its discretion in determining Mother's average monthly income to be $5066.00. *Bond*, 77 S.W.3d at 11.

Point two is denied.

## II. Valuation and Division of Marital Property

■ Father's remaining points on appeal concern the trial court's award of marital property. The trial court's division of marital property in a dissolution is discretionary. *Muenz v. Muenz*, 99

S.W.3d 4, 9 (Mo.App. E.D.2002). We defer to the trial court's judgment unless it is an abuse of discretion, and presume the order to be correct. *Id.* However, a trial court cannot enter a valuation of property that is not supported by any evidence at trial. *McGowan v. McGowan,* 43 S.W.3d 857, 866 (Mo.App. E.D.2001).

▮ In his third point, Father claims the trial court erred in its valuation of the furnishings and personal property it awarded to Father. In its judgment, the trial court stated the value of the household good and personal goods awarded to Father was $17,675.00, and explained "[s]uch value is based on the testimony of [Father]." Father argues the trial court's valuation is not within the range of evidence presented at trial.

Mother did not indicate a value for the marital household or personal goods in the Statement she filed with the trial court prior to trial, nor did she testify as to such values during trial. Father presented an Amended Statement of Property during trial, which was admitted by the trial court. In this Amended Statement, Father included a list of household and personal goods which reported a fair market value totaling $17,675.00; however, regarding these goods, Father's duly admitted Exhibit 7 indicated that Mother had removed certain listed items totaling $13,525.00 from the marital home. Thus, according to Father's evidence and testimony at trial, the value of the household and personal goods left in the marital home, and subsequently awarded to him by the court, was $4,150.00. We conclude the trial court's valuation of the household and personal goods left in the marital home is against the weight of the evidence.

Point three is granted.

▮ In his fourth point, Father contends the court erred in it valuation of the vehicle awarded to Mother.

In its judgment, the trial court awarded Mother a 1998 Mercury Mountaineer, reciting that it had a value of $16,000.00, and a debt owed in the amount of $16,000.00. The court indicated that the value of the vehicle was based on Mother's testimony.

In Father's First Amended Statement of Property, he reported that the present value of the Mountaineer was $16,000.00, and that $8,000.00 was owed on the vehicle. In her Financial Statement, Mother indicated no present value for the vehicle, only that she owed $19,034.00 on it. During trial, Mother did not testify as to the worth of the Mountaineer, and stated that she would have to "look at the Blue Book value." When questioned as to whether $19,000.00 was still owed against the vehicle, Mother replied that the $19,000.00 was what they originally paid for the Mountaineer when they purchased it in July of 2000. She indicated that she believed the Mountaineer to be worth less than its purchase price at the time of the hearing because it had more miles on it, and stated that she had no idea what was still owed on the vehicle. Mother did testify that her monthly car payment was $450.00, and that she had paid that monthly amount for approximately two years. Contrary to the trial court's indication, the $16,000.00 value assigned to the Mountaineer could not have been based on Mother's testimony, although this value is consistent with valuation listed in Father's First Amended Statement of Property. However, the trial court's determination that $16,000.00 was still owed on the vehicle is not supported by any evidence at trial. Therefore, we conclude the trial court erred in its valuation of Mother's vehicle.

Point four is granted.

▮ In his fifth point, Father alleges the trial court erred in its valuation of the

stock disposed of by Father during the parties' separation because the evidence presented at trial does not support the court's valuation of $7,900.00. Father argues that he testified and presented evidence that the stock had a value of $4,000.00 and Mother did not contradict this testimony. He asks this Court to remand this matter to the trial court with instructions to recalculate the property division excluding $3,900 in stock which he sold prior to the date of dissolution.

The trial court awarded Father the interests in "all stock and/or mutual funds which has since been sold with a value of $7,900.00." The trial court indicated that the value of this award was based on Father's testimony.

In Father's original Statement of Property, filed February 4, 2002, he reported Mother's UPS stock valued at $16,000.00, as well as three other different stock holdings (Cisco, VSCFX, and Profx) which totaled $5,500.00.[3] In his First Amended Statement of Property, Father indicated only Mother's UPS stock holdings and a $4,000.00 VanKampen account. During trial, Father testified that he sold the Cisco and VSCFX stock prior to trial for $3,911.00. Father further testified that the $4,000.00 account was a plan where a weekly deduction was taken out of his paycheck "like an IRA"; however, Father reported this $4,000.00 account as marital property in his Amended Statement. Although the trial court's judgment inadvertently stated that it was awarding to Father interests in "all stock and/or mutual funds which has since been sold with a value of $7,900.00," it is clear that the trial court's valuation included the $4,000.00 account still in existence. Despite this mischaracterization, the trial court's valuation of the stock awarded to Father was within

the range of evidence presented and is not erroneous. *See McGowan*, 43 S.W.3d 857, 865 (Mo.App. E.D.2001). Because we are reversing the portion of the judgment regarding the valuation of marital property, the court may take this point's valuation into consideration when dividing the marital property on remand.

Point five is denied.

Judgment is reversed and remanded in part with instructions to the trial court (1) to consider the child support award in accordance with Line 11 of Form 14 to determine the proper adjustment to which Mother is entitled; and (2) to consider the valuation of the household goods and personal goods awarded to Father and the valuation of the vehicle awarded to Mother, and to determine the consequential effect upon the division of marital property. In all other respects, the trial court's judgment is affirmed.

GLENN A. NORTON, P.J., and KATHIANNE KNAUP CRANE, J.: Concur.

---

**3.** We note the trial court likewise awarded Mother "Interests in all stock and/or mutual funds which have since sold with a value of $16,000."