Maryann LAGERMANN,
Petitioner/Appellant,

v.

Mark J. LAGERMANN, Respondent.

No. ED 83981.

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 28, 2004.

Frances M. Weir, St. Charles, MO, for appellant.

Before MARY R. RUSSELL, P.J., WILLIAM H. CRANDALL JR., J. and CLIFFORD H. AHRENS, J.

PER CURIAM.

Maryann Lagermann ("wife") appeals the judgment of the trial court awarding her thirty percent of Mark Lagermann's ("husband") monthly retirement benefits. Wife claims that the trial court erred in dividing husband's monthly retirement benefits, and the court erred in ordering wife to be responsible for health insurance costs and educational costs for their minor children. We affirm as modified.

Wife and husband were married on August 14, 1971, and nine children were born of the marriage. A dissolution decree was entered in 2002, dissolving the marriage, awarding custody of the three unemancipated children, and providing for the division of property. Pursuant to the decree, wife was awarded sole legal custody and primary physical custody of the three minor children. Husband was granted reasonable temporary custody and visitation. Husband was ordered to pay wife $708.00 per month in child support, which was later amended to $759.00 per month. Husband was also ordered to pay the health insurance and educational costs for the minor children. In addition, husband was responsible for $200.00 per month in maintenance to wife. This case was previously before this court. *See Lagermann v. Lagermann,* 109 S.W.3d 239 (Mo.App. 2003). ("*Lagermann I*"). A more detailed recitation of the underlying facts is set forth in *Lagermann I.*

Husband received a monthly retirement benefit of $1927.00, which became the subject of wife's appeal of the dissolution decree. On appeal, wife challenged the trial court's distribution of property, claiming, among other things, that she was entitled to a percentage of husband's monthly retirement benefit. *Lagermann,* 109 S.W.3d at 243. This court found that the division of property was not just and equitable, and held that the division was so heavily weighted in favor of husband as to amount to an abuse of discretion. *Id.* at 244. The court held that wife should have been awarded a percentage of husband's monthly retirement benefit, and remanded the cause to the trial court for proper distribution. *Id.* The court also found that the trial court erred in failing to include the costs of the minor children's education on its Form 14, and in failing to credit husband with the educational and health insurance costs for the children. *Id.* at 245. On remand, this court ordered the trial court to determine the monthly educational costs and issue a new Form 14 with the educational and health insurance costs properly credited to husband.

On remand, the trial court entered a judgment and order awarding wife thirty percent of husband's monthly retirement benefit. The court also incorporated and made part of its judgment a revised Form 14, which credited husband with the health insurance and educational costs for the minor children, and found the presumed child support amount to be $634. Notwithstanding crediting the health insurance costs and education fees for the minor children to husband on the revised Form 14, the court ordered wife responsible for these costs. Wife now appeals.

In her first point on appeal, wife contends that the trial court erred in awarding her thirty percent of husband's monthly retirement benefit on remand. She argues that the trial court should have awarded her fifty percent of husband's monthly retirement benefits in order to comply with the mandate of the court of appeals in *Lagermann I*. We disagree.

"On remand, a trial court has a duty to render judgment in accordance with the mandate of the appellate court, as read in conjunction with the opinion filed in the case and in accordance with any directions set out therein." *Cranor v. Cranor*, 118 S.W.3d 222, 225 (Mo.App.2003); (*quoting In re A.S.O.*, 75 S.W.3d 905, 911 (Mo.App.2002)).

In *Lagermann I*, this court directed the trial court to provide wife a percentage of husband's monthly retirement benefit. *Lagermann*, 109 S.W.3d at 244. Specifically, the court stated that on remand, "the trial court shall determine the proper distribution method to be used to facilitate this division." *Id.* The court in *Lagermann I* did not require the trial court to award wife fifty percent of husband's monthly retirement benefit, but rather it left the determination of distribution to the trial court.

A trial court has broad discretion in its division of marital property. *Cranor*, 118 S.W.3d at 226. A trial court will be considered to have abused its discretion in this regard where the division of property is "clearly against the logic of the circumstances and is so arbitrary and unreasonable as to shock one's sense of justice and indicate a lack of careful consideration." *Id.*; (*quoting In re Marriage of Holden*, 81 S.W.3d 217, 225 (Mo.App. 2002)). In the initial division of property, wife was awarded the marital home, and the insurance payment for a claim made due to fire damage on the home, which totaled $56,000.00, a 1993 Dodge Caravan, and a Board of Education pension with a total present value of $4,100.00. Husband was awarded a 1998 Chevrolet Silverado and a lump sum retirement benefit of $48,725.00. Husband was also ordered to pay child support and maintenance, as well as the health insurance and educational costs for the children. Here, in light of the trial court's division of other property, as well as its award of support and maintenance to wife, and when considered under our standard of review, we cannot conclude that the trial court abused its discretion in awarding wife thirty percent of husband's monthly retirement benefit. Point denied.

In her second point, wife argues that the trial court erred in ordering on remand, that wife be responsible for all health insurance costs and education costs for the minor children. In its initial decree, the trial court ordered husband to be responsible for the educational costs and the health insurance costs for the minor children. In *Lagermann I*, this court found that the trial court erred in failing to include the educational costs in its Form 14, and in failing to credit husband the proper credit for these costs on the form. *Lagermann*, 109 S.W.3d at 245. The court ordered the trial court, on remand, to "de-

termine the monthly educational costs and issue a new Form 14 with the children's educational costs and health insurance costs properly credited to husband on line 10." *Id.* However, on remand, the trial court entered a judgment and order requiring wife to be responsible for the health insurance and educational costs for the minor children.

"It is well-settled that a trial court, on remand, with respect to the issues addressed by the appellate court on appeal, only has that authority granted to it by the appellate court in its mandate." *Searcy v. Searcy*, 38 S.W.3d 462, 470 (Mo. App.2001). Thus, where the appellate court has given directions to the trial court as to what is to occur on remand, the trial court is without authority to modify, alter, amend or depart from the judgment of the appellate court. *Id.*

Here, on remand, the trial court did not limit its judgment and order to only determining the educational costs for the minor children and crediting these costs and the health insurance costs to husband. Rather, the trial court changed the provision from the initial decree in which husband was responsible for the educational costs and health insurance costs for the minor children. The trial court was without the authority to so amend its initial decree and to depart from the mandate from this court in *Lagermann I*.

Pursuant to Missouri Supreme Court Rule 84.14, the appellate court may "give such judgment as the court ought to give. Unless justice otherwise requires, the court shall dispose finally of the case." On review, we may render that judgment which should have been entered by the trial court. *Meiners v. Meiners*, 858 S.W.2d 788, 791 (Mo.App.1993); (*quoting Van Pelt v. Van Pelt*, 824 S.W.2d 135, 137 (Mo.App.1992)).

We reverse the judgment of the trial court ordering wife responsible for the educational and health insurance costs of the minor children. Because the court erred in ordering wife responsible for these costs pursuant to the mandate in *Lagermann I*, we modify the judgment to order husband to pay the educational and health insurance costs of the minor children. The judgment as so modified, is affirmed.