Isaac **ROBERTS**, Appellant,

v.

Dorothy L. **ROBERTS**, Respondent.

No. WD 74995.

Missouri Court of Appeals,
Western District.

Feb. 26, 2013.

Curtis G. Eylar and Matt Chiasson, Kansas City, MO, for Appellant.

George A. Wheeler, Kansas City, MO, for Respondent.

Before Division I: MARK D. PFEIFFER, Presiding Judge, and VICTOR C. HOWARD and ALOK AHUJA, Judges.

MARK D. PFEIFFER, Presiding Judge.

Appellant Isaac Roberts ("Father") appeals the judgment of the Circuit Court of Jackson County ("trial court") dissolving his marriage to Dorothy Roberts ("Mother"), awarding the parties joint legal and joint physical custody of their daughter, and awarding Mother child support in the amount of $428 per month. On appeal, Father alleges that the trial court improperly calculated the child support award. We reverse the judgment of the trial court and remand for the trial court to recalculate the child support award in a manner consistent with our ruling today.

## Factual and Procedural Background

Mother and Father separated on approximately October 31, 2010. Father filed a petition for dissolution in December of 2010, and Mother filed a counter-petition. The trial occurred on October 4, 2011, and the trial court issued its judgment on December 6, 2011. The trial court's judgment dissolved the marriage, distributed the Robertses' various properties, and gave Mother and Father joint legal and joint physical custody of their daughter. In addition, the parenting plan awarded Mother and Father roughly equal parenting time.

Although both Mother and Father sought child support, and both submitted Form 14s to the court, the trial court rejected both Mother's and Father's proposed Form 14s and, instead, calculated child support by preparing a dual Form 14 computation.

Father filed a motion for new trial and motion to amend the judgment pursuant to Rule 78, arguing that the trial court improperly calculated the support award. The trial court denied Father's motions, and he timely appeals.

## Standard of Review

The trial court must follow a two-step procedure to determine the appropriate amount of child support. *Nelson v. Nelson,* 195 S.W.3d 502, 509 (Mo.App. W.D.2006). In step one, the trial court must determine the presumptively correct child support amount under the Form 14 calculation. *Woolridge v. Woolridge,* 915 S.W.2d 372, 379 (Mo.App. W.D.1996). In determining the presumed child support amount under the first step, the trial court can either accept one of the parties' Form 14 calculations or reject both parties' calculations and prepare its own Form 14 calculation. *Id.* at 381. In step two, the trial court must "consider whether to re-

but the presumed correct child support amount, as found by the court, as being unjust or inappropriate after consideration of all relevant factors." *Id.* at 379. Given the mandated use of the two-step procedure, this court will review the award to determine whether it is supported by substantial evidence, is against the weight of the evidence, or it erroneously declares or applies the law, per *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). *Nelson*, 195 S.W.3d at 510.

### Analysis

■ Father's first point on appeal is dispositive. Father argues that the trial court erroneously applied the law when it computed child support by preparing dual Form 14s, one having Mother receiving support from Father and the other having Father receiving support from Mother, and then subtracting the difference of the two amounts to arrive at a figure of presumed correct child support. We agree with Father that this is an erroneous application of the law requiring reversal.

■ As stated above, if the trial court rejects both parties' submitted Form 14s, it may calculate its own. *Woolridge*, 915 S.W.2d at 379. The trial court need not include its Form 14 in the record, as long as it articulates in the judgment how it calculated its Form 14. *Directions, Comments for Use and Examples for Completion of Form No. 14*, Line 12, Comment F(2).[1] In this case, the judgment does not include the trial court's dual Form 14s but does articulate how it arrived at its child support computation:

> The Court finds that the presumed correct child support amount calculated by the Court pursuant to Supreme Court Rule 88.01 and Civil Procedure Form

No. 14, for the mother to pay the father is $219.00 per month and that the presumed correct child support amount calculated by the Court for the father to pay mother is $647.00 per month and that the difference in the two is $428.00. The Court finds that this amount of child support is appropriate in that the child will spend approximately equal time with both parents and is not rebutted as being unjust or inappropriate and therefore, [Father] should pay [Mother] child support in the amount of $428.00 per month.

This method of calculating dual Form 14s for each parent and then subtracting the smaller from the larger is set forth in Comment D to Line 12 on Form 14:

> Split custody refers to the situation in which one or more, but not all, of the children primarily resides with each of the parents. In those instances, a separate Form No. 14 is completed for the number of children primarily residing in the custody of each parent, using the adjusted monthly gross income (line 3) for both parents but disregarding the children primarily residing in the other parent's custody.

> . . . .

> After completion of each parent's Form No. 14, subtract the smaller amount from the greater, and the parent with the larger of the two obligations shall pay the difference between the two obligations.

Missouri courts have consistently held that split-custody situations are the *only* times that the dual Form 14 calculations are appropriate. *See Derks v. Surface*, 189 S.W.3d 692, 696 (Mo.App. W.D.2006) ("Th[e] procedure for determining split-

---

1. As the trial court's judgment issued December 6, 2011, all references to the Directions and Comments to Form 14 and to the Supreme Court Rules correspond to the 2011 version of the Supreme Court Rules.

custody orders of child support does not apply to joint physical custody arrangements."); *Stuckmeyer v. Stuckmeyer,* 117 S.W.3d 687, 690–91 (Mo.App. E.D.2003) (Dual Form 14s "method of computation by the trial court is only proper where the custody arrangement is split custody."); *McCandless–Glimcher v. Glimcher,* 73 S.W.3d 68, 76 n. 2 (Mo.App. W.D.2002) ("This is not a split-custody arrangement, as the parents have joint physical custody of both children. Moreover, in split-custody arrangements, separate Form 14s are completed. . . .").

Here, because this is not a split-custody situation (there is only one child, and the parents share joint legal and physical custody), the trial court's calculation of the presumed correct child support amount using dual Form 14s was error.

On remand, should the trial court continue to reject both parties' Form 14 calculations, the trial court shall recalculate a single Form 14, applying any adjustments that it deems appropriate pursuant to the Form 14 Comments and Directions for Line 11. Then, after determining whether the presumed correct support amount on Line 12 should be rebutted as unjust or inappropriate, the court shall consider all statutory factors set forth in section 452.340 and enter its child support award accordingly. *See McCandless–Glimcher,* 73 S.W.3d at 77–79.

### Conclusion

For the above-stated reasons, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.[2]

VICTOR C. HOWARD and ALOK AHUJA, Judges, concur.

---

**2.** Given our disposition, it is unnecessary for this Court to address Father's second point, which argues that the trial court failed to give him proper credit for overnight visitation on Line 11 of Form 14. Although we do not address this Point, "we remind the [trial] court that Form 14 provides a method for crediting the parent paying child support for the time that parent has custody of the children. Line 11 of Form 14 provides an adjustment for a portion of the amount expended by the parent obligated to pay support during periods of overnight visitation or custody." *Stuckmeyer v. Stuckmeyer,* 117 S.W.3d 687, 691 (Mo.App. E.D.2003).