**MISSOURI BOARD OF PHARMACY,**
Appellant,

v.

**Salim S. TADRUS and Sam's
Prescription Shop,**
**Respondents.**

**No. WD 51547.**

Missouri Court of Appeals,
Western District.

May 28, 1996.

Motion for Rehearing and/or Transfer to
Supreme Court Denied July 2, 1996.

Application to Transfer Denied
Aug. 20, 1996.

Jeremiah W. (Jay) Nixon, Atty. Gen., D. Michelle Whitaker, Asst. Atty. Gen., Jefferson City, for Appellant.

Ronald Jenkins, St. Louis, for Respondents.

Before FENNER, C.J., P.J., and EDWIN H. SMITH and ELLIS, JJ.

FENNER, Chief Judge.

The Missouri Board of Pharmacy ("the Board") appeals the Order of the Circuit Court of Cole County nullifying the Disciplin-

ary Order of the Board issued November 22, 1993, and ordering the Board to hold another disciplinary hearing to determine appropriate discipline solely on the basis of some or all of the conduct as affirmed by this court in an earlier decision found at *Tadrus v. Missouri Bd. of Pharmacy*, 849 S.W.2d 222 (Mo.App. 1993) ("*Tadrus I* ").

The history of this case will be summed up as briefly as possible to detail the key elements of a journey that reaches our court for the second time. On May 21, 1986, the Board filed a six count amended complaint against respondents before the Administrative Hearing Commission ("AHC"). Count I alleged that respondents maintained presigned prescription pads and used them to fill controlled substance prescriptions, which fails to follow proper pharmacy practice and procedure in that all prescriptions must be dated and signed by the physician at the time of issuance. The five other counts are of no consequence to this appeal.

On June 19, 1989, the AHC issued 91 pages of findings of fact and conclusions of law on the Board's claims. As relevant herein, with regard to Count I, the AHC entered a finding of fact and a conclusion of law that Tadrus kept and used a presigned prescription to fill a non-controlled substance prescription on one occasion which made out a cause to discipline him for professional misconduct. After its lengthy findings and conclusions, the AHC entered what it denoted as a decision portion of its order which stated in total as follows:

> It is the decision of this Commission that Petitioner has shown that the Respondents are subject to discipline pursuant to §§ 338.285 and 338.055.2. subsections (5), (6), and (15), for some or all of the conduct charged under Counts II, V and VI. Otherwise, Petitioner has failed to substantiate the charges and they are dismissed.

> Wherefore, it is ordered that this matter be dismissed from the docket of this Commission, effective this date, and that the record of the proceedings before this Commission be certified to the Petitioner for further disciplinary action in accordance with § 621.110.

The dispute presented in this appeal arises from the fact that in the Decision section of its report, after finding respondents subject to discipline under Counts II, V, and VI, the AHC stated that "[o]therwise, [the Board] has failed to substantiate the charges and they are dismissed." This implies that the charges contained in Count I with regard to the presigned prescription pad did not merit discipline, though the earlier pronouncement in the Findings of Fact and Conclusions of Law sections indicate otherwise.

The Board filed a motion to withdraw the decision with the AHC, asking that the AHC reconsider the decision and clarify what would constitute cause for discipline under Count I. The AHC denied the motion without explanation. A disciplinary hearing was held September 24, 1989, in which the Board suspended the license of Mr. Tadrus for three months followed by five years probation, and placed the pharmacy permit of Sam's Prescription Shop on probation for five years. As part of the disciplinary hearing, evidence was presented by both parties on the issue of the use of presigned prescription pads.

Both parties appealed the decision of the AHC to the Cole County Circuit Court. In its petition for review, the Board stated that it was appealing "only those parts of counts I, II, V, and VI of the overruled complaint in which the AHC did not find sufficient cause for discipline," admitting that the AHC found against it, at least partially, as to Count I. The Cole County Circuit Court affirmed the decision of the AHC and dismissed the Board's cross-petition.

Respondents then appealed the AHC decision to this court based on the imposition of discipline pursuant to Counts II, V, and VI. A different panel of this court affirmed the AHC on seven of eight points on appeal, reversing and remanding the case to the Board for reconsideration of the discipline imposed because of its reversal of an AHC finding regarding the labeling of prescription drugs. Neither party raised the issue of discipline based on the use of a presigned prescription pad on appeal, though the transcript of the first disciplinary hearing clearly

indicates that the issue served as a basis for discipline.

On October 15, 1993, the Board held a second disciplinary hearing pursuant to the court's direction in *Tadrus I*. In its opening summary, the Board announced that the earlier discipline was based, in part, on respondent Tadrus having presigned prescription blanks in the pharmacy and using one for a non-controlled substance prescription. Respondents objected to this summary on the basis that in the Decision portion of its order the AHC found no cause to discipline under Count I of the complaint. The Board's decision after the hearing was to reduce the discipline of Tadrus' license to three months of suspension and four and one-half years of probation.

Respondents again appealed the decision of the Board to the Cole County Circuit Court, arguing that the Board's reconsideration of Count I was improper and barred by the doctrine of *res judicata*, thus the sanctions imposed by the Board were improper. The circuit court determined that the Board had no legal reason to impose discipline upon the license of Tadrus and the business permit for the allegations in Count I and remanded the matter to the Board for reconsideration of the discipline against respondents without considering any cause to discipline for the use of presigned prescription pads. The Board filed this appeal as a result of the circuit court's decision.

## I. RES JUDICATA AND COLLATERAL ESTOPPEL

An apparent inconsistency within the initial ruling of the AHC forms the basis of the arguments for each party that the other is barred by collateral estoppel or *res judicata* from taking their current position in the proceedings.

It is the Board's position that respondents' admission to having presigned prescription blanks in the pharmacy and using one to fill a *non-controlled* substance prescription was sufficient to merit discipline under Count I of the complaint. The AHC, in the Findings of Fact and Conclusions of Law sections of its ruling discussing Count I, stated that Tadrus' admissions made out a cause for discipline

pursuant to § 338.055.2(5) as professional misconduct. At the first disciplinary hearing, the Board stated this as a ground for discipline in its opening argument and respondent Tadrus offered mitigating testimony surrounding the charge. Though the determination of the AHC in the Findings of Fact and Conclusions of Law sections appears to be contradictory to the Decision section where the AHC found that respondents were not subject to discipline pursuant to Count I, no party appealed the consideration of the presigned prescription pad issue at the first disciplinary hearing. Because respondents did not raise the issue in their earlier appeal to this court, the Board contends they waived any objection to discipline based on maintaining the presigned prescription pads and cannot now relitigate their claims, invoking either the doctrine of collateral estoppel or *res judicata*.

Conversely, it is respondents' position that Count I seeks to impose discipline for the filling of *controlled* substance prescriptions with the presigned prescription forms, a claim unsubstantiated by the evidence based on the AHC findings. Even though Tadrus admitted to filling one non-controlled substance prescription from the presigned pad, the AHC, in its Conclusions of Law specifically held that the Board failed to substantiate the charge as to controlled substances and then in the Decision portion of its ruling held that Tadrus was only subject to discipline under Counts II, V and VI. This forms the basis for respondents' argument that the Board was barred by either the doctrine of collateral estoppel or *res judicata* from considering the claims in Count I, including the maintenance of the presigned prescription pad, in disciplining them at the second disciplinary hearing.

 An appellate court cannot infer findings from the ultimate decision of an administrative agency. *Century State Bank v. State Banking Bd. of Mo.*, 523 S.W.2d 856, 859 (Mo.App.1975). An agency must set forth the findings of fact on which its decisions are based to allow a court to test the sufficiency of the findings on review. *Phil Crowley Steel Corp. v. King*, 778 S.W.2d 800,

803 (Mo.App.1989). An agency's determination of findings is not a separate function from its decision in a case; agency findings of fact and conclusions of law are an essential part of and the basis for an agency decision. *Stephen & Stephen Properties, Inc. v. State Tax Comm'n,* 499 S.W.2d 798, 804 (Mo.1973).

In the case at bar, the AHC specifically found that Tadrus kept a presigned prescription pad and that he admitted to having used said pad on one occasion to fill a noncontrolled substance prescription, all of which constituted cause to discipline. This matter having been a part of the findings and conclusions of the AHC, it was appropriate for consideration by the Board at the first disciplinary hearing. The findings and conclusions of the AHC are the basis for its decision, not the reverse. Furthermore, the issue was considered at the first disciplinary hearing without objection by respondents.

■■■ Collateral estoppel is a theory meaning that when an issue of ultimate fact has been determined by a valid judgment, it may not again be litigated between the same parties. *King Gen. Contractors, Inc. v. Reorganized Church of Jesus Christ of Latter Day Saints,* 821 S.W.2d 495, 500 (Mo. banc 1991). In reviewing whether collateral estoppel is appropriate, a court should consider:

(1) Whether the issue decided in the prior adjudication was identical to the issue presented in the present action;

(2) Whether the prior adjudication resulted in a judgment on the merits; and

(3) Whether the party against whom collateral estoppel is asserted was a party or in privity with a party to the prior adjudication.

*Id.; Hudson v. Carr,* 668 S.W.2d 68, 70 (Mo. banc 1984). A court may also consider whether the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior suit. *Id.* The distinction between collateral estoppel and *res judicata* is that the collateral estoppel operates only as to issues previously litigated, but not as to matters not litigated in the prior action though they might have properly been determined. *King Gen. Con-*

*tractors,* 821 S.W.2d at 500; *Am. Polled Hereford Ass'n v. City of Kansas City,* 626 S.W.2d 237, 241 (Mo. banc 1982).

■■ The issue for the purposes of collateral estoppel analysis is whether the Board, at the second disciplinary hearing, could consider the use of presigned prescription pads as a basis for discipline. This issue was decided as part of the first disciplinary hearing, as the Board announced its intentions to seek discipline based on Tadrus' admission to keeping and using the presigned pad to fill one noncontrolled substance prescription in its opening argument. Tadrus recognized this intent when he presented evidence to mitigate the charge, explaining that the pads had been turned over to investigators and no additional presigned pads are kept in his stores. Needless to say, there is no question of privity between the parties to the two hearings, as all parties are identical.

The remaining question is whether there was a judgment on the merits as a result of the initial disciplinary hearing. The Board issued a disciplinary order as a result of the initial hearing incorporating the AHC report containing the Findings of Fact, Conclusions of Law and Decision with regard to Count I of the complaint, stating that it considered all of the evidence before it and concluded that the license of Tadrus should be suspended for three months followed by five years probation. This decision was appealed to the circuit court and this court by respondent without mention of the fact that the Board's discipline was based, at least in part, on the issue of Tadrus keeping presigned prescription pads in his pharmacy. If Tadrus wished to dispute the propriety of such action, he had a full and fair opportunity to do so throughout the appellate process that brought his case before this court the first time.

■ This matter was remanded to the Board of Pharmacy by our decision in *Tadrus I* based on an erroneous conclusion of law that a label utilized by Tadrus did not satisfy statutory requirements. All other aspects of the Board's initial decision were affirmed. As a result of our reversal on the singular issue of proper labeling, the case was remanded to the Board for reconsidera-

tion of the sanctions in light of the fact that one of the alleged acts that served as a basis for the Board's discipline was determined not to merit discipline. *Tadrus I,* 849 S.W.2d at 227, 228. The initiatives open to a trial court on remand are as rendered in the mandate and opinion of the appellate court. *Davis v. J.C. Nichols Co.,* 761 S.W.2d 735, 737 (Mo. App.1988). Matters decided by the appellate court opinion, either directly or by implication, are within the rule that the appellate decision is the law of the case in subsequent proceedings in the same cause. *Id.* at 738, 741.

The different bases for discipline found by the Board at the initial hearing were all affirmed except for the labeling issue. By direct discussion in the prior opinion or implication, there was a final judgment on all other grounds for discipline. Therefore, respondents are estopped from objecting to the imposition of discipline based on the use of presigned prescription pads at the second disciplinary hearing.

The order of the Board issued subsequent to the second disciplinary hearing in which Tadrus' license was suspended for three months followed by four and one-half years of probation is affirmed. The order of the circuit court remanding the matter to the Board for reconsideration of the discipline against respondents without considering any cause to discipline for the use of presigned prescription pads is reversed.

All concur.