**Larry Wayne CRANOR, Plaintiff–Respondent,**

v.

**Gay Nell CRANOR, Defendant–Appellant.**

**No. 25338.**

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 30, 2003.

Motion for Rehearing or Transfer to Supreme Court Denied Oct. 21, 2003.

Application for Transfer Denied Nov. 25, 2003.

Greggory D. Groves, Lowther Johnson, L.L.C., Springfield, for appellant.

Christina L. Kime, L. Dwayne Hackworth, Hackworth, Kime & Hackworth, Piedmont, for respondent.

JOHN E. PARRISH, Judge.

Gay Nell Cranor (wife) appeals the part of a dissolution of marriage judgment that classified postal service disability benefits of Larry Wayne Cranor (husband) as nonmarital property. Wife further asserts that she did not receive an equitable share of the parties' marital property. This court affirms.

This case was previously before this court. *See In re Marriage of Cranor,* 78 S.W.3d 150 (Mo.App.2002).[1] The part of the judgment that distributed property was reversed. The case was remanded to permit the trial court to determine the classification of husband's retirement benefits and make appropriate division of marital property. Facts applicable to those issues are set out in this court's prior opinion. That opinion may be read in conjunction with this opinion to glean the facts of the case. Facts recited in this opinion are limited to facts related to the issues raised by this appeal.

In *Cranor I,* this court held that chapter 83 of 5 U.S.C.A controlled husband's eligibility for retirement benefits. *Cranor I* stated, "Under chapter 83, an eligible employee may opt for retirement benefits under one of three classifications: immediate retirement, deferred retirement, and disability retirement. There are separate requirements for the vesting of retirement benefits under each classification." 78 S.W.3d at 154. *Cranor I* reversed the part of the judgment that classified and distributed property. The case was remanded with directions. *Cranor I* directed:

> Upon remand, the trial court is instructed to determine what portion of the benefits exceed the amount Husband would have been entitled to if he had opted for immediate retirement and to set that amount aside as Husband's nonmarital property. The remainder of the retirement benefits shall be deemed marital property, and the trial court shall divide the marital property in accordance with the factors set forth in § 452.330.1[, RSMo 2000].

78 S.W.3d at 156. The trial court was authorized, in its discretion, to hear additional evidence with respect to division of marital property and classification of husband's retirement benefits. *Id.* at 157.

---

1. The prior opinion will be referred to herein as "*Cranor I.*"

Following remand, the trial court received additional evidence relative to retirement benefits for which husband qualified. The additional evidence established that for a postal employee to qualify for immediate retirement, the age and service requirements are (1) age 62 with 5 years of service, (2) age 60 with 20 years of service, or (3) age 55 with 30 years of service.[2] Husband did not meet these requirements. He was not entitled to immediate retirement benefits. All benefits husband was receiving were disability benefits. The trial court concluded, in accordance with this court's directive in *Cranor I*, that because husband was not entitled to immediate retirement benefits, the entire amount of the benefits he was receiving "exceed[ed] the amount he would have been entitled to if he had opted for immediate retirement." *Cranor I*, 78 S.W.3d at 156. The trial court, therefore, set the retirement benefits aside as nonmarital property. The trial court left the division unchanged from what had been awarded at the time of *Cranor I*.

Wife presents two points on appeal. The first asserts the trial court misapplied or misdeclared the law in concluding the benefits husband received were nonmarital property "in that the evidence showed that [husband] ... was entitled to a retirement annuity at the time of his disability and that the retirement annuity was intended to provide retirement support and was not intended to replace lost wages."

■■■ Issues raised in this appeal are considered in light of the remand of *Cranor I*. "On remand, a trial court has a duty to render judgment in accordance with the mandate of the appellate court, as read in conjunction with the opinion filed in the case and in accordance with any directions set out therein." *In re A.S.O.*, 75 S.W.3d 905, 911 (Mo.App.2002).

The law of the case doctrine governs successive appeals involving the same issues and facts. *Bellon Wrecking & Salvage Co. v. David Orf, Inc.*, 983 S.W.2d 541, 546 (Mo.App. E.D.1998); *McClelland v. Ozenberger*, 841 S.W.2d 227, 231 (Mo.App. W.D.1992). Under this doctrine, the appellate decision becomes the law of the case in a subsequent proceeding in the same cause and precludes re-examination of issues decided in the original appeal. *McClelland*, 841 S.W.2d at 231. This rule applies to matters decided by the appellate court's opinion, either directly or by implication. *Missouri Board of Pharmacy v. Tadrus*, 926 S.W.2d 132, 137 (Mo.App. W.D.1996).

*Ironite Products Co., Inc. v. Samuels*, 17 S.W.3d 566, 571 (Mo.App.2000). A former adjudication is also the law of the case as to all questions that might have been raised in the first appeal but were not. *M & H Enterprises v. Tri–State Delta Chemicals, Inc.*, 35 S.W.3d 899, 905 (Mo.App.2001).

■■■ This court's mandate in *Cranor I* reversed the portion of the judgment "regarding the division of marital property and the classification of Husband's retirement benefits." It remanded the case "with directions to enter judgment consistent with [the opinion in *Cranor I* ] as to the division of marital property and Husband's retirement benefits."

*Cranor I* directed the trial court to ascertain what portion of husband's benefits

---

2. Wife asserted in *Cranor I* that husband qualified for immediate retirement benefits by reason of 5 U.S.C.A. § 8336(j)(1)(A)(i). This court's action in *Cranor I* was based on that claim. On remand, it was determined that husband did not qualify for benefits under that provision of the federal statutes but that the retirement statute applicable to husband was 5 U.S.C.A. § 8336(a) and (b).

exceeded the amount husband would have been entitled to receive had he taken immediate retirement and to set that amount over to husband as nonmarital property. The trial court concluded husband was entitled to no immediate retirement benefits; that, therefore, all benefits he received were based on his disability retirement. The trial court's actions on remand in classifying husband's retirement benefits as nonmarital property were in accordance with this court's direction in *Cranor I.* The opinion is part of the mandate. *Ironite Products Co., Inc.,* 17 S.W.3d at 570.

■ Notwithstanding the trial court's compliance with this court's mandate in *Cranor I,* wife argues the trial court erred in not considering a claim that husband was entitled to deferred retirement benefits (which she identifies in Point I as "a retirement annuity"); that the trial court should have addressed that question on remand. That issue was not raised in *Cranor I.* The trial court did not err in limiting its action on remand to what was directed by the mandate and opinion in *Cranor I. M & H Enterprises v. Tri State Delta Chemicals, supra.* Point I is denied.

■ Wife's second point contends the trial court erred in its determination on remand to not reallocate marital property. Wife's argument that the distribution of property was inequitable is based on her argument in Count I that the trial court erroneously characterized husband's retirement benefits as nonmarital property, an argument this court denied.

The trial court stated its division of marital property was not intended to be equal but that the division it made was equitable under the circumstances. It set over nonmarital property to husband in the amount of $351,982. This included husband's postal service disability benefits that the trial court valued at $351,812. Wife was awarded net marital property valued at $71,539

(property valued at $87,595 less debts of $16,056). Husband was awarded marital property valued at $10,537. Wife received 87 percent of the marital property. Husband received 13 percent.

■ The trial court had broad discretion in dividing the parties' marital property. *In re Marriage of Holden,* 81 S.W.3d 217, 225 (Mo.App.2002). An abuse of discretion in awarding marital property occurs when the division of property "is clearly against the logic of the circumstances and is so arbitrary and unreasonable as to shock one's sense of justice and indicate a lack of careful consideration." *Id.* This court finds no abuse of discretion by the trial court. Wife's second point is denied. The judgment is affirmed.

SHRUM, J., concurs.

RAHMEYER, C.J., dissents in separate opinion.

NANCY STEFFEN RAHMEYER, Chief Judge, dissenting.

I respectfully dissent. As noted in the majority opinion, a trial court has a duty to render judgment in accordance with the mandate of the appellate court, as read in conjunction with the opinion filed in the case and in accordance with any direction set out therein. As stated in *In re Cranor,* 78 S.W.3d 150 (Mo.App. S.D.2002) ("*Cranor I* "), if husband had taken an immediate retirement, Wife would be entitled to a portion of those benefits as marital property because they would be a form of deferred compensation funded by money earned during the parties' marriage. *Id.* at 155. The opinion also states that if husband and wife had accumulated funds in almost any other type of retirement account from income earned during their marriage, such funds would be subject to distribution as marital property. Husband

contributed almost $45,000 to his *retirement* fund through payroll deductions and the entire amount was earned during the marriage. *Id.* at 154. The entire amount was contributed during the thirty-year marriage of the parties. *Id.* at 152. Clearly, Husband's retirement benefits are marital property. *Id.* Both the retirement annuity and the disability annuity are funded by the employee's contribution, all of which were clearly marital property. *Id.* at 154.

Husband sought to circumvent Wife's right to retirement benefits in the declaration that the disability benefits were actually deferred compensation for future services, rather than deferred compensation for past services. The weakness of that argument is that, even absent the disability finding and payment, if Husband had quit his job, he still would have been entitled to an retirement annuity based on his length of service with his employer; the only question would be at what age and what amount that annuity would have been. It is settled law that even if a person is not entitled to take immediate retirement, the deferred compensation earned during the marriage is marital property. *Doss v. Doss,* 822 S.W.2d 427, 428 (Mo. banc 1992): *Kuchta v. Kuchta,* 636 S.W.2d 663, 665–67 (Mo. banc 1982); *Williams v. Williams,* 17 S.W.3d 559, 562 (Mo.App. E.D.1999).

If Husband is found not to have a disabling condition, or if he chooses or is forced to take the very same amount of the annuity as retirement income rather than disability income, then by this ruling, Wife will have been foreclosed from any portion of what is clearly marital property without the benefit of the court doing any analysis

under section 452.330 or the benefit of an appeal from that analysis.[1] It would not be unusual for the court to fashion an order that divides future deferred compensation. Courts routinely enter orders intended to be qualified domestic relations orders for deferred retirement benefits. *See* § 452.330; *Brooks v. Brooks,* 98 S.W.3d 530, 531 (Mo. banc 2003); *Ricketts v. Ricketts,* 113 S.W.3d 255 (Mo.App. W.D. 2003); *Novak v. Novak,* 83 S.W.3d 597, 599–601 (Mo.App. E.D.2002).

I believe that both the mandate and the opinion indicated that the trial court was to find that the portion of income from the disability retirement was nonmarital property; however, the portion that would have been Husband's retirement income was marital property subject to division. In fact our opinion states, "the majority of Husband's retirement benefits stem from marital funds and are intended to compensate him for past services. Therefore, that portion of the benefits should have been subject to division as marital property." *Cranor I,* 78 S.W.3d at 156. The trial court skirted that obligation by finding it all marital property—contrary to our opinion and mandate.

As the majority opinion noted, the earliest that Husband would have been eligible to retire was at age 55 with 30 years of service, or at age 60 with 20 years of service. Husband was 50 at the time of the dissolution. At some time in the near future, it is reasonable to assume that the money husband receives is *not for current* wages, but for his past services to the Postal Services. Twenty-nine years of those services were during the marriage.

Given the resolution in *Cranor I* of affirming the denial of maintenance and the

---

1. I have not addressed the issue of whether I would find that the disability income in this particular situation is in fact marital property because that issue has not been presented on this appeal. Nevertheless, I believe that issue deserves further scrutiny given the character of the marital property used to fund both the disability and the retirement income.

property distribution, at this juncture I am unwilling to find that a distribution to Husband of the entire $351,812 is an equitable distribution of marital property. The prior mandate of this court simply allowed the trial court to divide the marital property in accordance with the factors set forth in section 452.330.1. I believe the majority opinion unfairly narrows the mandate without consideration of the total opinion of *Cranor I* and I, therefore, respectfully dissent.