In the ESTATE OF Nicholas
KURUZOVICH,
Deceased.

George J. Karr, Appellant,

v.

Merle Stanley, Respondent.

No. 25858.

Missouri Court of Appeals,
Southern District,
Division One.

June 29, 2004.

James B. Fleischaker, Fleischaker, Williams & Powell, Joplin, MO, for Appellant.

Jeffrey W. Heil, Spencer, Scott & Dwyer, P.C., Joplin, MO, for Respondent.

JAMES K. PREWITT, Judge.

Nicholas Kuruzovich ("Testator") died on January 22, 1999, testate. Testator's will included the following residuary clause: "To George Kuruzovich, Anna Owen and Merle Stanley, I give, devise and bequeath all the rest, residue and remainder of my estate; share and share alike, absolutely and in fee simple." Both George Kuruzovich and Anna Owen predeceased Testator, and an action was brought by George Karr, George Kuruzovich's son, on the theory that he was entitled to his father's share under Missouri's anti-lapse statute, § 474.460, RSMo.[1]

The Circuit Court of Jasper County ruled that the anti-lapse statute was inapplicable because Testator's use of the wording "share and share alike" in the residuary clause expressed a clear intent to make a per capita distribution. The trial court ordered distribution of the residual estate to Mr. Stanley ("Respondent"). Mr. Karr ("Appellant") moved to set aside the order of distribution and appealed the trial court's denial of his motion.

On appeal, this Court found that the anti-lapse statute did apply, because the phrase "share and share alike" only determines the mode of distribution among a class, rather than establishing members of that class. *In re Estate of Kuruzovich*, 78 S.W.3d 226, 228 (Mo.App.2002). Within the opinion, which was filed on June 20, 2002, this Court reversed the trial court's judgment and ordered "the case remanded with directions that the trial court set aside the order of distribution." *Id.* at 229.

On June 24, 2002, by docket entry, the trial court set aside its prior judgment and ordered distribution pursuant to the anti-lapse statute. However, on July 2, 2002, Respondent requested an evidentiary hearing and the admission of extrinsic evidence regarding Testator's intentions, based on a theory that a "latent ambiguity" existed in the residuary clause of the will and therefore Testator's declarations were admissible in order to determine Testator's intent. Respondent contended that the language in the residuary clause was "ambiguous because it [did] not clearly disclose [T]estator's intent as to whether the residuary estate should be distributed per capita or per stirpes."

An evidentiary hearing was held, and in a docket entry dated May 1, 2003, the trial court outlined its order of distribution and adopted findings of fact and conclusions of law contained in a separate document. The court had received testimony on the issue of whether a latent ambiguity existed, indicating that it would disregard such testimony if it determined that no such ambiguity was present. According to the court, "where the ambiguity is latent, a testator's declaration of intent is admissible to explain the ambiguity."

In the case, the trial court determined that the language of the will created "a latent ambiguity because of the deaths of two of the residuary beneficiaries, ... prior to the death of the testator and the

---

1. Mr. Stanley is referenced in the record as both Merle Stanley and Merl Stanley. As it is unclear which is correct, we will refer to him as Respondent.

presumption the anti-lapse statute applies." Through the testimony presented, the trial court found that there was a clear intention on Testator's part "that the anti-lapse statute [did] not apply and that the property be distributed to [Respondent], the sole surviving beneficiary mentioned under the residuary clause."

Further, in its findings of facts and conclusions of law, the trial court found that Respondent was unrelated to Testator "for purposes of the anti-lapse statute." According to the court, "[a]pplication of the anti-lapse statute [was] inconsistent with the testator's intent to treat the named beneficiaries equally, since only the shares of George Kuruzovich and Anna Owen would be covered by the anti-lapse statute." With regard to a latent ambiguity, the trial court determined that "[t]he silence of the will as to the disposition of the share of a pre-deceased beneficiary became a latent ambiguity when two of the listed beneficiaries predeceased the testator."

Appellant filed a motion to amend the judgment, and he was granted leave to submit additional evidence, after which another evidentiary hearing was held. The trial court did not change its prior ruling and ordered distribution to Respondent. The appeal before us now followed.

■ Appellant raises one point relied on, which states, "The trial court erred in holding that § 474.460 [anti-lapse statute] was inapplicable to the will of the deceased because the decedent did not clearly express an intent in conflict with the statute."

Under this point, Appellant argues that the general remand by the appellate court clearly resolved the issue of the applicability of the anti-lapse statute, and because the appellate decision is "the law of the case for all points presented and decided, as well as all matters that arose before the first adjudication and might have been raised but were not[,]" Respondent is precluded from offering further evidence pertaining to the construction of Testator's will.

Respondent asserts that "[t]he previous appeal of this case presented the limited question whether the Testator's use of the words 'share and share alike' expressed a clear intention to override the statute[,]" and, that the trial court held "that the language of the will itself made the anti-lapse statute inapplicable ..., there was no reason for [Respondent] to have sought to present extrinsic evidence prior to the first appeal." Thus, Respondent contends, "the permissibility of extrinsic evidence was not before the court in the first appeal, and could not have been raised by [Respondent] in that appeal."

■ We must agree with Appellant on this issue. "Prior decisions of an appellate court become the law of the case on all the points decided on the case." *Hankins v. Hankins,* 864 S.W.2d 351, 353 (Mo.App. 1993). "On remand, a trial court has a duty to render judgment in accordance with the mandate of the appellate court, as read in conjunction with the opinion filed in the case and in accordance with any directions set out therein." *Cranor v. Cranor,* 118 S.W.3d 222, 225 (Mo.App.2003). "The law of the case doctrine governs successive appeals involving the same issues and facts." *Id.* "Under this doctrine, the appellate decision becomes the law of the case in a subsequent proceeding in the same cause and precludes re-examination of issues decided in the original appeal." *Id.* "This doctrine is more than merely a courtesy: it is the very principle of ordered jurisdiction by which the courts administer justice." *Hankins,* 864 S.W.2d at 353. "A former adjudication is also the law of the case as to all questions that

might have been raised in the first appeal but were not." *Cranor,* 118 S.W.3d at 225.

This Court's decision in *In re Estate of Kuruzovich,* 78 S.W.3d at 229, held that the anti-lapse statute applies. That ruling is now the law of the case, which Respondent can no longer challenge. Upon further proceedings following remand, the trial court does not have the authority to overrule the appellate court. *Lombardo v. Lombardo,* 120 S.W.3d 232, 243 (Mo.App. 2003).

The judgment is reversed and the case remanded to the trial court with directions for it to enter an order of distribution equally dividing Testator's property under the residuary clause between Appellant and Respondent.[2]

BARNEY, P.J., and GARRISON, J., concur.

---

**2.** As noted, Anna Owens predeceased Testator, and the record does not show that she left any lineal descendants or that anyone claiming benefits of the estate through her has appeared or appealed in either of the proceedings of this Court. Consequently, no relief is accorded relating to her descendants, if any.