### In re the Marriage of Vera M. HANKINS, Respondent,

### v.

### Richard D. HANKINS, Appellant.

### No. WD 46842.

Missouri Court of Appeals,
Western District.

Sept. 7, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 2, 1993.

Paul D. Blackman, Kansas City, for appellant.

Gary K. Patton, Liberty, for respondent.

Before BERREY, P.J., and ULRICH and SMART, JJ.

PER CURIAM:

Richard Hankins appeals the trial court's denial of his motion to amend an amended decree of legal separation. We affirm the trial court's decision.

On June 13, 1990, Respondent Vera M. Hankins petitioned the trial court for dissolution of her marriage. Richard Hankins denied the marriage was irretrievably broken and requested that if a decree were entered that it be in the form of a legal separation. On February 19, 1991, the trial court entered a decree of legal separation. Mr. Hankins filed an appeal with this court and on February 14, 1992, we modified in part the decree of legal separation entered by the trial court. This court's opinion read, in relevant part, as follows:

> The judgment is modified and this cause is remanded to the trial court with direction to amend the decree by modifying paragraph XVII to reflect a balance of $272.00 in [the] account ... at Metro North State Bank rather than $4,200.00 and to amend paragraph XV(c) to eliminate the awarding to Vera of a nonmarital interest of $38,775.00. The Court is further directed to modify the decree to award Richard the sum of $16,666.00 to be paid by Vera.

*Hankins v. Hankins*, 823 S.W.2d 161, 163 (Mo.App.1992).

On June 2, 1992, the trial court amended the decree of legal separation in accordance with the mandate of this court, including an award to Richard of $16,666.00. On June 29, Richard filed a motion to amend the amended decree of legal separation with the trial court on the grounds that the $16,666.00 amount was inconsistent with the rationale of this court's opinion. He specifically asserted that a mathematical error had been made by this court. He contended that the amount specified in the mandate was $3,928.00 too

low.[1] The trial court denied his motion on the basis that it was without authority to proceed in a fashion which would contradict the express terms of the court's mandate.

Richard now appeals the trial court's refusal to grant his motion. The sole issue before this court on this appeal is whether the trial court erred in denying appellant's motion to amend the decree.

Prior decisions of an appellate court become the law of the case on all the points decided in the case. *Feinstein v. McGuire*, 312 S.W.2d 20, 23 (Mo.1958). These decisions continue to be the law of the case in any subsequent proceedings in lower courts and, with rare exception, in a subsequent appeal to the appellate court which rendered the decision. *Jenkins v. Wabash R. Co.*, 232 Mo.App. 438, 107 S.W.2d 204, 211 (1937), *cert. denied*, 302 U.S. 737, 58 S.Ct. 139, 82 L.Ed. 570 (1937). Where a remand is with directions, a trial court is bound to render judgment in conformity with the mandate. *Keltner v. Harris*, 204 S.W. 561, 562 (Mo.App.1918). The trial court is without power to modify, alter, amend or otherwise depart from the appellate judgment. *Morrison v. Caspersen*, 339 S.W.2d 790, 792 (Mo. 1960). Its proceedings contrary to the directions of the mandate are "null and void." *Id.* When a point decided at the appellate level comes before a lower court on further proceedings in the same case, the lower court does not have the jurisdiction to overrule the appellate court. *State ex rel. Curtis v. Broaddus*, 238 Mo. 189, 142 S.W. 340, 342 (1911). If the lower court disregards the law of the case, the issue is not simply whether that

court is correct in its construction of the appellate decision, but rather whether the court is within its lawful jurisdiction. *Id.*

The "law of the case" doctrine has been continually affirmed by the Missouri courts. *See In re Marriage of Rickard*, 818 S.W.2d 711, 713–14 (Mo.App.1991); *Pemberton v. Pemberton*, 779 S.W.2d 8, 10 (Mo.App.1989); *Davis v. J.C. Nichols Co.*, 761 S.W.2d 735, 737–38 (Mo.App.1988). The doctrine "is more than merely a courtesy: it is the very principle of ordered jurisdiction by which the courts administer justice." *Davis*, 761 S.W.2d at 738.

Appellant contends that the trial court should have used the reasoning articulated in the appellate opinion to determine that the amount stipulated in the mandate was incorrectly calculated. Then, appellant argues, the trial court should have amended the decree so that the amount in the mandate would be consistent with the reasoning in the opinion.

Appellant cites *Manor v. Manor*, 706 S.W.2d 603, 605 (Mo.App.1986), and *McDonald v. McDonald*, 795 S.W.2d 626, 627 (Mo.App.1990), for the proposition that an opinion is part of the mandate and must be used to interpret the mandate itself. In both of those cases, however, the mandate from the appellate court specifically allowed the trial court the authority to enter judgment in a manner consistent with the appellate opinion. The trial court was allowed discretion on the mechanics of the modification directed by the mandate.

---

1. In his brief, Mr. Hankins describes the nature of the error as follows:

   The gist of the problem is that the Court of Appeals recalculated the marital estate, subtracting Three Thousand Nine Hundred Twenty-eight Dollars ($3,928.00) (the difference between the amount thought to exist and which actually did exist in a bank account), which had previously been counted as part of the marital estate (and awarded to Husband) and adding back into said estate a sum of money reflecting the characterization of some real property as marital rather than non-marital. Applying the same percentage as had been awarded by the trial court, the Court of Appeals, on page 5 of its Opinion, calculated his share at One Hundred Eighty-six Thousand

   Two Hundred Twenty-four Dollars ($186,-224.00) and determined that he was entitled to receive an additional Sixteen Thousand Six Hundred Sixty-six Dollars ($16,666.00) to reach the proper sum.
       The mathematical error is that the Court of Appeals never removed that same Three Thousand Nine Hundred Twenty-eight Dollars ($3,928.00) from the amount originally awarded to and received by Husband. His position, therefore, is that to receive the court-mandated One Hundred Eighty-six Thousand Two Hundred Twenty-four Dollars ($186,224.00) Wife would have to pay Sixteen Thousand Six Hundred Sixty-six Dollars ($16,666.00) *plus* Three Thousand Nine Hundred Twenty-eight Dollars ($3,928.00).

This is not a case where there is a scrivener's error in the mandate which is readily and unmistakably seen by reference to the text of the opinion. No error was patent, either on the face of the mandate, or in the comparison of the mandate to the opinion. The mandate followed the language of the opinion. Hence, we need not address the issue of whether in such a case as that of a manifest scrivener's error the trial court may deviate from the express mandate of the court. In the present case, this court's mandate expressly directed the trial court to award appellant $16,666.00. No discretion was either implicitly or explicitly authorized. Although this command may have been based on a mathematical miscalculation, the trial court lacked the jurisdiction to contradict this court's mandate, and it cannot be convicted of error for denying appellant's motion.

Nothing in this opinion should be construed as indicating that, if a motion for rehearing had been filed pursuant to Rule 84.17, such motion would have been denied. This court invites such motions precisely for the purpose of correcting any errors or oversights. The trial court, however, cannot be convicted of error for complying with the mandate.

Judgment is affirmed.