ROY L. RICHTER, Presiding Judge
Woodland Lakes Trusteeship, Inc. ("Woodland Lakes") filed a Writ of Prohibition with this Court, seeking to prohibit Hon. Thomas Frawley ("Respondent"), from taking any further action in this case, other than that necessary for execution on the judgment previously entered by the trial court and affirmed by this Court. In the underlying lawsuit, Woodland Lakes brought suit against Dave and Catrenia Dawn Campbell ("The Campbells"), alleging malicious prosecution, defamation and libel, and a suit on account for unpaid subdivision assessments. The trial court awarded a judgment for subdivision assessments and attorney fees to Woodland Lakes and this Court affirmed on appeal, No. ED104020. Woodland Lakes Trusteeship, Inc. v. Campbell, 515 S.W.3d 821 (Mo. App. E.D. 2017). The mandate was issued on May 3, 2017.
We previously issued a Preliminary Order in Prohibition. The Preliminary Order in Prohibition is hereby made absolute and Respondent is directed to withdraw his Order requiring the filing of an answer to the Campbells' pleading and take no further action in this matter other than that necessary for execution on the judgment previously entered and affirmed, as the Court's mandate issued on May 3, 2017, is the law of the case.
I. Procedural Background
Woodland Lakes filed a Petition for malicious prosecution, defamation, and libel against the Campbells in the Circuit Court of Washington County. The Campbells subsequently filed an answer and counterclaims. On October 23, 2013, Woodland Lakes filed a Motion to Dismiss Campbells' Counterclaim. On April 21, 2014, Woodland Lakes filed a First Amended Petition to add a count to collect subdivision assessments allegedly owed by the Campbells.
On April 13, 2015, the Campbells' counsel filed a motion to withdraw from representing them in the case. The Campbells filed a pro se Motion to Appear Telephonically or Via Video Conference and a Motion for Leave to Appear Telephonically or Via Video Conference on April 15, 2015. On April 20, 2015, the Campbells filed their Motion for Leave to File Defendants' Second-Amended Response to Plaintiff's "First Amended Petition for Malicious Prosecution, Defamation and Libel" and Counterclaimants' First-Amended Counterclaims, along with a memorandum in *889 support thereof, and the Second-Amended Response to Plaintiff's "First Amended Petition for Malicious Prosecution, Defamation & Libel" and Counterclaimants' First-Amended Counterclaims itself. The Campbells also filed a Notice of Hearing for a hearing at 9 a.m. on April 20, 2015. On April 20, 2015, the trial court signed an order allowing Defendants' attorney to withdraw. Additionally and importantly, the order states, "Defendants motion to file amended answer and counterclaim is denied . Defendants must appear to have their motions heard. Cause set for Jury trial on August 25, 2015." (emphasis added).
A few months later, on July 20, 2015, the docket reads:
Cause called on Plaintiff's motion to dismiss. Said motion is taken under advisement. Cause called on Defendant's motion to transfer venue and motion to appear telephonically, motion to count amended compulsory counter-claim and affirmative defenses. All of Defendant's motions are denied. Cause placed on August 17th, 2015 for hearing on Plaintiff's motion for summary judgment. So ordered!
(emphasis added).
On August 17, 2015, Defendants filed a "Motion for Leave to File First-Amended Response to Plaintiff's Amended Petition w/ Defendants' First-Amended Counterclaims and Affirmative Defenses" as well as their First Amended Answer to Plaintiff's Petition with Defendants' First-Amended Counterclaims and Affirmative Defenses. However, on August 31, 2015, Defendants filed "Defendants Withdrawal Notice of: 'Motion for Leave to File First-Amended Response to Plaintiff's Amended Petition w/ Defendants' First-Amended Counterclaims and Affirmative Defenses," to withdraw the motion they referred to as "faxed into this cause on August 17, 2015."
On September 21, 2015, the trial court entered summary judgment, followed by a Final Amended Judgment Nunc Pro Tunc on October 2, 2015, in favor of Woodland Lakes and against the Campbells on Count III, and finding that Woodland Lakes dismissed Counts I and II of its First Amended Petition. The trial court found the Campbells owed $1,762 in assessments to Woodland Lakes for four lots owned in the subdivision, and prejudgment interest of ten percent for a total of $2,285.77. The trial court further found Woodland Lakes was entitled to reasonable attorney's fees of $7,545.32. The trial court dismissed Counts I and III of the Campbells' counterclaim, which sought interlocutory relief and were made moot by the court's final judgment. The judgment resolved all of the pending claims in the underlying petition and counterclaims.
The Campbells appealed from the judgment. On appeal, the Missouri Court of Appeals, Eastern District, affirmed the trial court's judgment. Woodland Lakes Trusteeship, Inc. v. Campbell, 515 S.W.3d 821 (Mo. App. E.D. 2017). The mandate issued on May 3, 2017.
On January 30, 2018, the Missouri Supreme Court assigned Respondent to the 24th Judicial Circuit in Washington County to preside as a senior judge, including after-trial proceedings, in the matter of Woodland Lakes Trusteeship v. Campbells, Case No. 13WA-CC0410.
Respondent held a hearing on March 29, 2018, indicating that he believed the Campbells' Motion for Leave to File Counterclaims were never ruled on and still pending. Relator then filed a motion for reconsideration, and the Campbells filed their response in opposition to the motion for reconsideration, and a motion for leave to file an additional memorandum. On April 10, 2018, Respondent issued his *890 Findings, Conclusions and Order, finding the Campbells' Motion for Leave to File First Amended Counterclaim, filed August 17, 2015, was never ruled upon by the Circuit Court of Washington County and remained pending. Respondent also granted the Campbells leave to file their second amended counterclaims filed on August 17, 2015, and granted Woodland Lakes fifteen days to file a responsive pleading.
Woodland Lakes filed a Writ of Prohibition with Suggestions in Support on April 23, 2018. This Court issued a Preliminary Order in Prohibition on the same day, directing Respondent to file his answer and suggestions in opposition to the petition for prohibition on or before May 3, 2018, and staying Respondent's April 10, 2018 order for Woodland Lakes to file a responsive pleading within 15 days.
II. Discussion
Woodland Lakes argues that a Writ of Prohibition is appropriate here where there is "a clear excess of jurisdiction or abuse of discretion such that the lower court lacked the power to act as contemplated." State ex rel. Chassaing v. Mummert, 887 S.W.2d 573, 577 (Mo. banc 1994). It states that Respondent incorrectly and contrary to the pleadings found that the trial court had never ruled on the Campbells' Motion for Leave to File, when they had in fact withdrawn their Motion for Leave to File. Respondent argues that the Washington County circuit court was without authority to deny the Campbells' Motion for Leave to File Second Amended Response to Plaintiff's First Amended Petition and First Amended Counterclaims because of a lack of notice of hearing set for April 20, 2015, the withdrawal of the Campbells' counsel during the hearing, and the Campbells' absence because of their pending Motion to Appear Telephonically or Via Video Conference, which was denied three months later, therefore has the effect that the Campbells' Motion for Leave to File Second Amended Response to Plaintiff's First Amended Petition and First Amended Counterclaims remains pending. We disagree with Respondent.
A. A writ of prohibition is appropriate where there is excess of jurisdiction or abuse of discretion.
The power to issue remedial writs derives from Article V, Section 4.1 of the Missouri Constitution. Writs of prohibition are issued in three general categories: 1) where there is an usurpation of judicial power because the trial court lacks personal or subject matter jurisdiction; 2) where there exists a clear excess of jurisdiction or an abuse of discretion such that the court lacks the power to act as contemplated; or 3) where there is no adequate remedy by appeal. State ex rel. Dir. of Revenue v. Kinker, 209 S.W.3d 1, 2 (Mo. App. E.D. 2006) (citing State ex rel. Dir. of Rev. v. Mobley, 49 S.W.3d 178, 179 (Mo. banc 2001) ). Prohibition is a discretionary writ that may be issued to prevent an abuse of judicial discretion, to avoid irreparable harm to a party, or to prevent exercise of extra-jurisdictional power. State ex rel. Broadway-Washington Assocs., Ltd. v. Manners, 186 S.W.3d 272, 274 (Mo. banc 2006) (abrogated on other grounds).
B. The Law of the Case is that the trial court did not err in twice overruling and denying the Campbells' motion for leave to file an amended response.
Ordinarily, questions of law that have been decided in a first appeal are controlled by that decision; it is the law of the case on a subsequent appeal. Daly v. Sovereign Camp W.O.W., 55 S.W.2d 743, 744 (Mo. App. 1932). The decision of the appellate court as to all points presented and decided, either directly or by necessary *891 implication, become the "law of the case" so as to generally preclude the re-litigation of any such matter. State v. Johnson, 22 S.W.3d 183, 189 (Mo. banc 2000) ; Massman Const. Co. v. Missouri Highways & Transp. Comm'n, 31 S.W.3d 109, 112-13 (Mo. App. W.D. 2000) ; Missouri Bd. of Pharmacy v. Tadrus, 926 S.W.2d 132, 137 (Mo. App. W.D. 1996) (doctrine extends to issues necessarily decided by implication). The law of the case applies to determinations of law and determinations of fact; it applies to all matters that might have been, but were not, raised in the appeal. Johnson, 22 S.W.3d at 189 ; In re Estate of Corbin, 166 S.W.3d 102 (Mo. App. W.D. 2005). This Court has described the law of the case doctrine as " 'more than merely a courtesy: it is the very principle of ordered jurisdiction by which the courts administer justice.' " Hankins v. Hankins, 864 S.W.2d 351, 353 (Mo. App. W.D. 1993). Here, a final judgment resolving all claims was entered and an appeal was filed. This Court issued a decision affirming the judgment and the mandate issued. Afterward, the Campbells sought to relitigate issued and reopen their trial court proceeding. This is exactly the kind of action that the law of the case prohibits.
A decision on a former appeal of the same case may be reconsidered under exceptional circumstances, and under some of these it is the duty of the appellate court to do so. Id. Examples of these "exceptional circumstances" include instances where the opinion is out of harmony with other decisions, where incorrect principles of law were inadvertently or erroneously announced, where mistake of fact was made, or where justice would not be done by adhering to the first opinion. Daly, 55 S.W.2d at 744 (citing Reed v. Missouri Mut. Ass'n, 33 S.W.2d 986 (Mo. App. 1931) ). Appellate courts also have discretion to consider an issue where there is a mistake, a manifest injustice, or an intervening change of law. Johnson, 22 S.W.3d at 189.
An appellate court is a court for the correction of errors-its own as well as others. In correcting the errors of lower courts[,] we do not proceed on the theory we make none of our own.... Whether from grace or right when cogent and convincing reasons appear, such as lack of harmony with other decisions and where no injustice or hardship would flow from a change, or where by inadvertence principles of law have been incorrectly declared the first time, or mistake of fact has been made, or injustice to the rights of parties would be done by adhering to the first opinion, then the exceptions to the rule have play, and it is our duty to re-examine and correct our own errors on the second appeal in the same case.
Mangold v. Bacon, 237 Mo. 496, 141 S.W. 650, 655 (1911). None of these exceptional circumstances apply to this matter. Indeed, the Campbells previously complained on appeal that the trial court erred in "twice (On 4/20/15 & 07/20/15) overrul[ing] and den[ying] the Campbells' first-amended answer to Plaintiff's 'Amended Petition ,' and this Court specifically ruled on this issue in the prior appeal, Respondent and the Campbells are simply ignoring the law of the case. Moreover, the Campbells' noticed the hearing for April 20, 2015, yet they chose not to appear despite their attorney's prior motion to withdrawal, and the absence of a favorable ruling on their pro se motion to appear telephonically or via video conference.
The trial court did not err in denying the Campbells' first-amended answer on April 20, 2015, because they did not appear even after filing their own notice. The court's ruling on July 20, 2015, merely reiterates that ruling and denies *892 their request to appear telephonically. Moreover, the record shows that even though Defendants filed a Motion for Leave to File First-Amended Response to Plaintiff's Amended Petition w/ Defendants' First-Amended Counterclaims and Affirmative Defenses as well as their First Amended Answer on August 17, 2015, they withdrew the same motion on August 31, 2015. Having reviewed the record and arguments of the parties, we do not find that any exceptions to the law of the case apply here. Where a decision by a superior court is involved, a lower court is absolutely bound by that decision and lacks jurisdiction to rule contrary to that decision upon retrial or upon a second appeal. State ex rel. Curtis v. Broaddus, 238 Mo. 189, 142 S.W. 340, 342 (1911). The Campbells were given their due process rights through an appeal and, failing in that appeal, do not receive another attempt to re-litigate their claims.
In summary, the underlying cause, including the Campbells' counterclaims were all resolved in the September 21, 2015, and October 2, 2015 judgment. The Campbells' April 20, 2015 motion for leave to file a second-amended response and amended counterclaim was denied that same day. Their August 17, 2015 motion for leave to file a first-amended response and counterclaim was withdrawn on August 31, 2015. In addition, this Court specifically addressed the denial of the Campbells' counterclaim in the appeal and affirmed. Respondent has erroneously concluded otherwise and in contravention of the clear law of the case.
III. Conclusion
The Preliminary Order in Prohibition is made absolute and Respondent is ordered to refrain from taking any further action in this matter other than that necessary for execution on the judgment previously entered by the trial court and affirmed by this Court of Appeals. Woodland Lakes Trusteeship, Inc. v. Campbell, 515 S.W.3d 821 (Mo. App. E.D. 2017).
Robert M. Clayton III, J., Colleen Dolan, J., concur.